ACME FINISHING CO. *vs.* GREENVILLE FINISHING CO., INC.,
ALEXANDER F. SHAW AND ISAAC P. KEELER.

DECEMBER 13, 1920.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

(1)  *Equity Pleading and Practice.   Final Decree.   Appeal.*

Although the right to take an immediate appeal in equity causes in certain cases other than those specified in Gen. Laws, cap. 289, § 34, may be allowed, where otherwise an appeal in the regular order would be ineffectual, it is not sufficient to bring a case within this exception to the general rule that the party aggrieved by the interlocutory decree may suffer some injury or prejudice if he is compelled to wait for the disposition of the entire cause before taking his appeal but the injury apprehended must be shown to be clearly imminent and irreparable unless an immediate appeal is allowed.   Neither is mere convenience as the avoidance of a multiplicity of suits sufficient.

(2)  *Equity Pleading and Practice.   Final Decree.   Appeal.*

As the exceptional right to take an immediate appeal in order to prevent irreparable injury rather than because of the strict finality of the decree is allowed to the party aggrieved for his benefit and to prevent injustice, such party may elect to take his appeal forthwith or in the regular course, and a failure to take such immediate appeal does not deprive him of his right to an appeal from the decree to which objection is made at the termination of the proceedings in the Superior Court.

BILL IN EQUITY.   Heard on motion to dismiss an appeal from decree of Superior Court and motion granted.

STEARNS, J.   This is a bill in equity for an accounting and other relief.

It is alleged in the bill that both corporations are Rhode Island corporations located in this State and engaged in the business of bleaching, dyeing, printing and finishing fabrics; that the respondent Shaw was a stockholder, vice-president, general manager and a director of complainant, and a stockholder, president, general manager and director of respondent corporation, and Keeler was a stockholder of complainant and a stockholder and director of respondent corporation; that one Frank A. Decker, who was a stockholder, secretary, treasurer, agent and a director of complainant company, together with Shaw and Keeler, in August, 1917,

organized the respondent corporation; that the three men or any two of them own a majority of the stock of said corporation and at once became directors of the corporation and continued as such until September, 1919, when Decker was not re-elected a director, and at the same time Decker ceased to be secretary and treasurer of the respondent corporation, having held these offices from the organization of the corporation; Shaw has been since 1917 and still is the president and general manager of respondent. It is also alleged that the Greenville Finishing Company since its organization has been at all times controlled and managed by Shaw and Keeler and the board of directors has failed to meet since the organization of the corporation.

The bill charges that the respondents conspired to injure the complainant corporation and to build up for their own advantage, and at the expense of and to the detriment of complainant, a competitive business and by means of Shaw's position in the two corporations and his knowledge and control of the business, to divert the assets of the business and customers of complainant to respondent corporation; that Shaw, although receiving a large salary from complainant and no salary at all from respondent corporation, devoted his time and energies to the development of the latter; and that Keeler, who was originally a large customer of complainant, in furtherance of the conspiracy transferred a large part of his business to respondent. Each of the respondents filed an answer denying any conspiracy or wrongdoing and complainant thereupon joined issue by its replication.

The respondent Keeler in his answer, and as a part thereof, incorporated a cross bill of complaint (Gen. Laws, 289, Sec. 13) against the Acme Finishing Company and Decker whom he sought thereby to make an additional party defendant. In the cross bill he alleged that Decker, who by his own holdings of stock and that of his family, controlled the complainant company, arranged for the incorporation of the respondent corporation and its dual management and control by himself and Shaw and, in so far as anything was done

which was improper or injurious to complainant by the Greenville Finishing Company or by Shaw, Decker was equally liable with them and should make restitution and be held responsible to the same extent; that so far as improper acts were committed by respondent corporation and Shaw, and loss resulted therefrom to complainant corporation, the interest of Keeler and other stockholders has been damaged and the value of their stock diminished thereby, whereby it was the duty of complainant to said Keeler and other stockholders, to hold Decker as well as the respondent corporation and Shaw responsible for such loss and to make Decker a co-defendant in this suit so as to insure the payment to complainant of all sums recoverable, to bind said Decker by the decrees hereon and to avoid multiplicity of suits, etc.; that the complainant corporation and the directors thereof have neglected and refused to join Decker as a co-defendant but have caused complainant to join said Keeler as a co-defendant, who is in no way responsible for any of the acts complained of in the bill but so far as said acts were committed and the complainant has improperly suffered loss or damage thereby, has himself been injured and damaged as a stockholder of said Acme Finishing Co.

The relief prayed for in the cross bill is that the bill of complaint be dismissed as to Keeler and that an accounting may be ordered so far as the Greenville Finishing Company, Shaw or Decker, all or either of them, may be found to be responsible and that Decker may be ordered removed from his offices in the Acme Finishing Company and enjoined from performing any of the duties of said offices. To this part of the answer, in the nature of a cross bill, the complainant and Decker filed separate demurrers, which were sustained and the cross bill incorporated in the answer was denied and dismissed, without prejudice however to the rights of the parties in any other proceedings; permission was also given in the decree to respondent Keeler to amend his answer by adding thereto any allegations by way of defence to the original bill, including any allegations origin-

ally contained in the cross bill which might be material by way of defence to the original bill.

Within thirty days after the entry of this decree Keeler claimed an appeal therefrom to this court. The cause is now before this court on complainant's motion to dismiss the appeal. The sole question is thus presented: Is the decree sustaining the demurrer to that part of the answer in the nature of a cross bill, a final decree from which an appeal may be taken within the meaning of the provisions of Section 25, Chapter 289, General Laws, 1909? We think it is not.

In Chapter 289 by Section 25 it is provided that any party aggrieved by a final decree of the Superior Court in any cause in equity may, within thirty days after the entry thereof, appeal to the Supreme Court. By Section 34 it is provided that whenever upon a hearing in equity an injunction shall be granted or continued or a receiver appointed or a sale of real or personal property ordered by an interlocutory order or decree an appeal may be taken from such order or decree within ten days from the entry thereof in like manner as from a final decree.

The decree in question is not a final decree in the technical sense as there has been no decision in the Superior Court on the merits of the case, which terminates the litigation. *McAuslan* v. *McAuslan*, 34 R. I. 462.

In the *McAuslan* case it was held to be the intent and effect of the act (Chapter 289) to establish the general rule that all questions arising in a cause in equity should first be heard and decided in the Superior Court, before the cause could be brought to the Supreme Court for review on appeal. Although insisting on the necessity and propriety of this general rule, it was held that in addition to the right to take an immediate appeal from certain specified interlocutory decrees and orders as provided for by Section 34, the right to take an immediate appeal would also be allowed in cases where otherwise an appeal in the regular order would be ineffectual and that in such exceptional cases the inter-

locutory decree complained of could properly be considered as partaking of the nature of a final decree to the extent that an appeal forthwith could be taken therefrom. It is not sufficient to bring a case within this exception to the general rule that the party aggrieved by the interlocutory order or decree may suffer some injury or prejudice if he is compelled to wait for the disposition of the entire cause before taking his appeal, but the injury apprehended must be shown to be clearly imminent and irreparable unless an immediate appeal is allowed. Neither is mere convenience, as for instance the avoidance of a multiplicity of suits, etc., sufficient. It is undoubtedly an advantage in certain actions, both in law and equity, to have some preliminary questions settled by the court of last resort before proceeding to the trial on the merits, but the legislature has nevertheless provided that as a general rule causes shall be reviewed by this court not piecemeal but as a whole.

The question whether a decree falls within the exception to the rule is one which in many cases can only be settled after consideration by the court of the facts in the particular case. To compel a litigant in such cases to elect at his peril whether an immediate appeal should be taken would probably result in the taking of appeals in all doubtful cases in order to protect the right to an ultimate appeal, thereby causing delay and unnecessary expense. The party in whose favor the particular decree has been made can not complain if an immediate appeal is not taken. As this exceptional right or privilege to take an immediate appeal (2) in order to prevent irreparable injury, rather than because of the strict finality of the decree, is allowed to the party aggrieved for his benefit and to prevent injustice, such party may elect to take his appeal forthwith or to take the appeal in the regular course, and a failure to take such an immediate appeal does not deprive him of his right to an appeal from the decree to which objection is made at the termination of the proceedings in the Superior Court.

In the case at bar the respondent Keeler says that he never engaged in and never knew anything of the alleged conspiracy until the filing of the original bill of complaint, and if there was any such conspiracy Decker was a party to it and although he, Keeler, is not liable yet, as it is possible he may be found to be liable after a hearing on the merits, that he is entitled to have Decker made a party defendant, in order that he may have the affirmative relief of exoneration or contribution because of Decker's responsibility for the acts complained of in the original bill.   If the respondent Keeler is innocent he will require no contribution from Decker to repair the injury done to complainant, and if it should later appear that his rights as a stockholder have been injured as he alleges, he is not debarred of his remedy by the ruling of the lower court.   As on his own statement the injury feared by the respondent is possible rather than probable, the appeal is therefore prematurely brought.

The motion to dismiss the appeal is granted and the cause is remanded to the Superior Court for further proceedings.

*Waterman & Greenlaw, Lewis A. Waterman, Edwin J. Tetlow,* for complainant.

*Eliot G. Parkhurst, Edwards & Angell,* for respondent.