RACHEL ROSENFELD *vs.* LEON ROSENFELD.

JUNE 10, 1931.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

HAHN, J. This is an appeal from an interlocutory decree of the Superior Court granting petitioner's motion for an allowance and counsel fees, *pendente lite*.

Appeals from decrees in equity and in causes following the course of equity are regulated by statute. (General Laws, 1923, Chap. 339, Sec. 25 and 34.) In *Hemenway* v. *Hemenway*, 28 R. I. 85, the court said: "The right of appeal is only given to the party aggrieved by a final decree. . . . . . Not only is the right of appeal limited to final decrees by section 328 of the court and practice act, but the limitation is emphasized by section 337 of said act, which provides that an appeal may be taken from an interlocutory order or decree of the Superior Court whenever an injunction shall be granted or continued or a receiver appointed, thus by implication excluding appeals from all other interlocutory decrees."

The question of what constitutes a final decree in equity was fully considered in *McAuslan* v. *McAuslan*, 34 R. I. 462, 473, where this court said: "The final decree in an equity cause is the decree which finally determines the rights of the parties, provides for the relief which the court finds to be necessary that the parties may have the full

benefit of the court's determination upon the merits, and at most merely requires one or more orders or supplemental decrees for its enforcement. The modifications which we have considered have been permitted to prevent the consummation of injury beyond redress during the progress of the cause, or because there has been a final determination of the cause as to one or more, but not as to all the parties. These modifications have been permitted for the protection of the party aggrieved by the decree, and for that reason alone. They should be considered as exceptions to the general rule and if so considered they will cause no confusion in practice. . . . Cases may be found in which this court has passed upon appeals from decrees which were not final under the rule which we have adopted. They were cases in which either the question was not raised or for other reasons, which it is unnecessary at this time to consider, it was thought advisable to permit an immediate review of the particular decree in question. We adopt the foregoing conclusions, however, as rules applicable to all cases and believe that they will provide a settled and uniform practice in equity appeals."

Under the rule as enunciated in *Hemenway* v. *Hemenway, supra,* no appeal will lie from an interlocutory decree in a divorce matter except as provided by statute, thus in divorce cases limiting the right of appeal to final decrees. While this rule differs somewhat from the rule regarding final decrees in equity causes, as laid down in *McAuslan* v. *McAuslan, supra,* the reason for a variance is not only to save the unnecessary expense, delay and inconvenience of repeated appeals in the same suit and, so far as possible, to have every matter in controversy determined by a single appeal but in divorce cases so numerous are the orders and interlocutory decrees and modifications of the same that to allow appeals from such orders previous to the final decree would seriously affect the rights of the parties and unreasonably delay the final determination of the divorce proceedings.

While practice in divorce follows the course of equity, so far as practicable, this rule is subject to the qualification that it shall not interfere with the proper and efficient administration of divorce procedure.

The rule which prohibits appeals from interlocutory decrees in divorce matters does not apply to appeals from such decrees as may be entered after final decree therein (*Wilford* v. *Wilford*, 38 R. I. 55; *Phillips* v. *Phillips*, 39 R. I. 92; *Giblin* v. *Giblin*, 45 R. I. 500) and further does not preclude a party aggrieved by the entry of an interlocutory decree from obtaining, by appropriate proceedings, a review of the same for the purpose of correcting errors in relation thereto, provided that such errors have resulted from a clear abuse of judicial discretion or there are unusual circumstances rendering it necessary to promptly correct the same in order to prevent the consummation of injury beyond redress during the progress of the cause. *Hyde* v. *Superior Court*, 28 R. I. 204; *McLaughlin* v. *McLaughlin*, 44 R. I. 429.

Our opinion, therefore, is that an appeal will not lie from the interlocutory decree in question.

The appeal is denied and dismissed. The papers in the cause are remanded to the Superior Court for further proceedings.

*Robinson & Robinson, Maurice Robinson, Edmund Wexler*, for petitioner.

*Charles R. Easton*, for respondent.