## Z. Berberian Co., Inc. *vs.* Artacky Berberian.

### NOVEMBER 6, 1936.

Present: Flynn, C. J., Moss, Capotosto, Baker, and Condon, JJ.

Capotosto, J. This case is before us on the plaintiff's motion to dismiss the defendant's bill of exceptions.

The action is in assumpsit. On motion of the plaintiff, and over the objection of the defendant, the case was referred to an auditor under the provisions of general laws 1923, chapter 343. Thereafter, a number of hearings were held by the auditor and the time for filing his report was repeatedly extended over a considerable period of time. Before the plaintiff had completed presenting its evidence at these hearings, the auditor, without filing any report, made a motion in the case, on May 19, 1936, asking that an order be entered "fixing and allowing" his fees to date. This motion was heard by a justice of the superior court on May 23, 1936, at which time he fixed the auditor's fee at $575 in accordance with the motion, and further ordered, over the objection of the defendant, "that said sum be paid by the plaintiff and the defendant in equal parts on the 27th day of May, A. D. 1936." This ruling of the court is the subject of the defendant's present bill of exceptions,

which the plaintiff asks us to dismiss as prematurely brought in view of the provisions of sec. 24, chap. 348, G. L. 1923. The plaintiff contends that the decision of the auditor's motion is not such "a final decision on the merits" as to entitle the defendant to maintain a bill of exceptions before an adjudication of the case itself.

When and how an auditor's fees are payable is governed by sec. 15, chap. 343, G. L. 1923. The meaning of this section is not before us as we are now concerned only with the right of the defendant to bring a bill of exceptions at this time. Taking the facts as they stand of record, we find a rather unusual situation. The auditor, who is not a party to the action, intervenes in the case and by motion asks the court for an order "fixing and allowing" his fees to date. Acting upon this motion, the court not only grants the motion as made but goes further and, after apportioning the fees, orders that they be paid on a day certain. The auditor, by his motion, has injected an issue in the case while in process of litigation that is distinctly separable from the merits of the controversy between the parties. The issue raised by the auditor's motion can be determined without affecting in any way the merits of the case itself.

Assuming a right in the auditor to proceed as he did, all he asks in his motion is that an order be made "fixing and allowing" his fees to date. The trial justice in his decision went beyond the clear scope of the motion before him, and, notwithstanding the defendant's objection, not only apportioned the fees but ordered that such fees as apportioned be paid on a set date. The practical effect of the decision is that the defendant is denied the right to litigate his case on its merits before the auditor unless and until he pays the auditor's fees in conformity with the order. If this decision stands and the defendant does not pay his part of the auditor's fees as fixed by the court, and the auditor refuses for that reason to hold any further hearings, it is reasonable to contend that a final decision should be entered in favor

of the plaintiff, thereby depriving the defendant of his right to have his defense presented and adjudicated according to law. Under such a view of the particular circumstances in this case, we are of the opinion that the decision of the trial justice as rendered is a sufficient "final decision on the merits" under sec. 24, chap. 348, G. L. 1923, to entitle the defendant to maintain the present bill of exceptions.

The plaintiff's motion to dismiss the defendant's bill of exceptions is, therefore, denied.

*Henry M. Boss*, for plaintiff.

*Arabian, Gonnella & Barad, Aram A. Arabian*, for defendant.