JAMES EARL DAVIS *et al. vs.* MICHAEL A. PERRINO *et al.*

FEBRUARY 25, 1938.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

BAKER, J. This is a proceeding in equity in which a decree was entered in the superior court allowing the report of a temporary receiver appointed by that court, and awarding him $125 for his fees and disbursements as such receiver, which sum by such decree was ordered to be paid, one half by the complainants and one half by the respondents. From the entry of this decree the respondents duly appealed to this court.

The facts, as they appear from the papers in the case, are as follows. The bill of complaint, which sought to set aside a foreclosure sale, which had been held under a chattel mortgage, of the contents of a store formerly operated by the complainants, was filed July 11, 1936, and a subpoena containing notice of the granting of a restraining order by the superior court to prevent the further sale, transfer or incumbering of any of the contents of such store, was issued

to the respondents named in the bill, and was made returnable July 15, 1936, one of the respondents having been the purchaser at such foreclosure sale. On July 14, one of the complainants presented a petition, under oath, to a justice of the superior court, containing, among other things, allegations that the above-mentioned subpoena had been served on the respondents at 12 o'clock noon on July 13, 1936, but that instead of closing said store, the respondents had continued to operate it and to sell goods therefrom, in violation of the restraining order issued by the superior court. The above complainant, therefore, prayed that a temporary receiver be appointed to take possession of the store and its contents, and that a citation be issued to the respondents ordering them to show cause why they should not be adjudged in contempt. The justice to whom this petition was presented entered a decree appointing a temporary receiver, ordering the premises closed and providing for notice in the matter of contempt to be given the respondents for a hearing on July 17, 1936.

Later, after several days' hearing upon the bill of complaint on the question of issuing a temporary injunction and making the temporary receiver permanent, a decree was entered July 28, 1936 by the superior court, dissolving the restraining order and discharging the temporary receiver. Thereafter the latter filed his report and account. On November 17, 1936, this report came before the superior court for allowance and for fixing the fees and disbursements of the temporary receiver, and following the hearing on that day, the decree, which is now before us on appeal, was entered on December 14, 1936.

The respondents' reasons of appeal set out in substance that the allowance by the superior court of the temporary receiver's report was erroneous, that the charges allowed were excessive, and that the apportioning of the charges between the complainants and respondents was contrary to

law and justice. The respondents chiefly object to paying one half of the fees and disbursements awarded the temporary receiver, as provided in the decree appealed from. They contend that, under the circumstances of this case, the appointment of the temporary receiver was unnecessarily and improperly made by the superior court. They allege that the sworn petition, under which the temporary receiver was appointed, contained inaccurate statements concerning the time of service upon them of the subpoena containing notice of the issuance of the restraining order, and that, as a matter of fact, there was no service of such subpoena until July 15, 1936, and that, therefore, no valid reason existed for the appointment of a temporary receiver, and that the respondents were guilty of no contempt.

To support their position the respondents rely entirely on what appears from the papers in the case, and have provided for our consideration no transcript of what transpired at the hearing before the justice of the superior court on November 17, 1936, upon which hearing was based the decree now before us. However, the estimate of the cost of such transcript, as made by the official stenographer of the superior court who took the notes at that time, and as filed in the papers herein, indicates that such hearing was not merely formal, but that the proceedings before the superior court on the date last mentioned took considerable time. In the absence of any definite proof to the contrary, it would appear, therefore, that testimony of some nature was taken at that hearing.

The complainants first urge that the respondents' appeal should be dismissed because the latter have not complied with the statutory requirements that a transcript of testimony be filed, as called for by general laws 1923, chapter 339, sec. 26. The respondents, on the other hand, contend that no disputed question of fact is involved in the determination of the issue before us, but only a question of law, and that, therefore, no transcript is necessary in this court.

No agreement of the parties in regard to the transcript or any part thereof appears in the record, neither does it appear that no testimony was taken at the hearing in question. Upon consideration of the present record as presented to us, we are of the opinion that the position taken by the complainants is correct.

We are asked to pass upon and review the action of a justice of the superior court in entering a certain decree following a hearing of some length. It may well be that questions of fact as well as of law influenced him in ordering entered such decree. There are indications in the papers in the case that the time of the service upon the respondents of the original subpoena, containing the notice of the restraining order, was a disputed and important question of fact. Evidence on this point may have been submitted to the trial justice. We have now before us no means of ascertaining what caused him to determine the issues before him as he did. We had occasion to consider in *Purcell* v. *John Hancock Mutual Life Ins. Co.,* 56 R. I. 93, a question substantially similar to the present one. In that case, we dismissed an appeal in equity because the appellant had failed to file a transcript of the testimony. A comprehensive discussion of the statute involved, and of the necessity for a transcript of testimony in an appeal in equity, is set out fully in the above case, and it is unnecessary to repeat it here. See also *Corbett* v. *Penhall,* 58 R. I. 185, 192 A. 171.

While in the *Purcell* case, *supra,* the appeal was from the entry of a final decree, and while the statute in question refers to appeals from final decrees, we are of the opinion that the decision in that case is determinative of the question now before us. It is well settled under our decisions that, apart from certain classes of interlocutory decrees, which are provided for specifically by statute, appeals to this court lie only from the entry of final decrees in equity. This general rule, however, is subject to certain modifications, one

of which is well stated in *McAuslan* v. *McAuslan,* 34 R. I. 462, at page 472, as follows: "Besides those provided for in the statute other instances may present themselves of decrees, in a strict sense interlocutory, which by reason of their possible injurious consequences require an immediate review and must be held for this reason to have such elements of finality as to permit an immediate appeal."

The decree now before us must be considered of this type, otherwise an appeal from its entry in the superior court is not properly before us at all. If it is, therefore, to that extent a final decree, we are of the opinion that the statutory requirements concerning appeals from final decrees in equity must be followed and complied with in order to have the appeal perfected in this court. We construe the term "final decree" in the statute broadly, and as intended to include an appeal from any decree in equity which has the necessary elements of finality so as to permit an appeal from its entry to this court. We find, therefore, that, in the present instance, the respondents have failed to comply with the statute, because they have not furnished us with a transcript of the hearing of November 17, 1936, and that their appeal is not properly before us.

The respondents' appeal is denied and dismissed, and the cause is remanded to the superior court for further proceedings.

*J. Raymond Dubee, Aram A. Arabian,* for receiver.

*Frank H. Wildes,* for respondents.