LURA E. SCOTLAND *vs.* RALPH SCOTLAND, SR. *et al.*

APRIL 6, 1942.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

FLYNN, C. J. This cause is before us on complainant's appeal from a decree of the superior court denying her motion for leave to file an amended bill of complaint. The

reasons of appeal are: (1) That said decree is against the law; (2) that said decree is contrary to the rights of the complainant as shown by the pleadings; and (3) that the decision of the justice denying said motion is erroneous and contrary to law.

The transcript and record of the cause disclose the following facts: On August 9, 1937 the complainant filed this bill of complaint against her divorced husband James A. Scotland, and therein joined the latter's father and mother as respondents. The bill prayed for an accounting from respondent James A. Scotland for moneys alleged to have been turned over to him by complainant during their marriage for the purpose of investment for her benefit; and also prayed for an injunction against the father and mother from selling or encumbering certain real estate, the title to which was taken in their names and which was alleged to have been purchased by complainant's husband with moneys turned over to him by complainant as aforesaid; and further prayed for a decree ordering the conveyance of that realty by said respondents to the complainant.

The respondents filed a special plea in bar, substantially setting out that the matters complained of had been settled and disposed of in a previous law action between the complainant and her husband, as evidenced by a settlement stipulation filed therein by the attorneys of record at or about the time when a final decree for the complainant was entered in an action for divorce. Respondents also filed an answer to the bill of complaint. The complainant then filed a motion to strike out respondents' special plea. After a hearing thereon in the superior court the complainant's motion was denied.

Thereupon complainant filed a replication to respondents' special plea, and purported thereby to confess and avoid the allegations of fact contained in such plea. The plea was never set down for hearing on the truth or merits of the facts alleged therein. On the contrary, the complainant, who was the plaintiff in the separate action at law which,

according to the respondents' plea, had been disposed of, then filed a motion in that law action to set aside the stipulation of settlement signed and filed therein by the attorneys of record for the parties. The grounds of that motion were that the attorney of record for the plaintiff was not authorized to file such a settlement stipulation; that no consideration was paid to her therefor; that no trial was had upon the merits of issues raised therein; and that the stipulation was in truth and fact intended and authorized as a "discontinuance" of that law action. After a hearing thereon that motion was denied by a justice of the superior court and the plaintiff apparently prosecuted her exception to such ruling.

Complainant then returned to the instant equity proceeding and filed therein a written motion for leave to file an amended bill. The proposed amendment would have added to the bill certain matters substantially covered by the plea and replication, being also the same as previously relied upon in her motion to set aside the settlement of the law action as aforesaid. At the hearing thereon in the superior court she orally asked permission to withdraw the replication which she had previously filed. This request was refused and her motion for leave to file an amended bill was denied. From a decree denying the latter motion the complainant has filed her claim and reasons of appeal.

The respondents have filed in this court their motion to dismiss such appeal on the ground that the decree is interlocutory in form and substance and that therefore the appeal is premature. The complainant concedes that this is not a final decree and also that an interlocutory decree is not appealable under the general rule; but she contends, however, that the decree in the instant cause comes within that class of recognized exceptions to the general rule as permitted by cases following *McAuslan* v. *McAuslan,* 34 R. I. 462, wherein irreparable injury will result unless an immediate appeal from such a decree is permitted.

We are unable to agree with the complainant's conten-

tion. The decree in question is interlocutory in form and substance. It is lacking both in the element of finality upon any aspect of the cause and also in the probability of irreparable injury to the complainant that characterize the decrees in all of the pertinent cases, relied upon by the complainant, wherein an appeal from an interlocutory decree has been allowed as an exception to the general rule. The decree here relates only to a procedural matter. Until the complainant is finally deprived of having, in some form under the pleadings here, a determination of the issues inherent in the proposed amendment to the bill, it is difficult to see how this decree finally disposes of the merits of any aspect of the cause or how irreparable injury to complainant would result therefrom.

In these circumstances we are of the opinion that the complainant's appeal is prematurely here.

The respondents' motion, therefore, to dismiss the complainant's appeal is granted, the complainant's appeal is dismissed without prejudice, and the cause is remanded to the superior court for further proceedings.

*George Triedman,* for complainant.

*Walling & Walling & Carroll, Ambrose W. Carroll,* for respondents.