VITTORIO E. M. SIMEONE *vs.* MARIA ANGELA SIMEONE.

FEBRUARY 20, 1953.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

CAPOTOSTO, J. This is a motion by the respondent in a divorce action to dismiss an appeal by the petitioner from an interlocutory decree of the superior court granting allowances for support and counsel fees *pendente lite.*

To avoid confusion in stating the facts of record we will hereinafter refer to the husband as Vittorio and to the wife as Maria. In brief the facts upon which the parties agree are as follows. In 1951 a petition for divorce by Maria was heard and denied by the superior court. From a decree to that effect she commenced proceedings for a review in this court, in the course of which upon her motion Vittorio was ordered by the superior court to pay her certain amounts for the cost of a transcript and for support pending the determination of her appeal. Vittorio thereupon claimed an appeal to this court from such decree.

In the meantime, however, Vittorio filed a petition for divorce against Maria, in which case the superior court also granted her certain allowances for support and counsel fees. From a decree in accordance with that order Vittorio appealed to this court and this is the appeal involved in the instant proceedings. He resists Maria's motion to dismiss such appeal contending that the superior court was without jurisdiction or acted in excess thereof when it made a "double order for support," and that in the circumstances his appeal was proper and should not be dismissed.

The instant case clearly falls within the rule stated in *Rosenfeld* v. *Rosenfeld*, 51 R. I. 381, namely, that an appeal will not lie from an interlocutory decree of the superior court granting allowances for support and counsel fees in a divorce case *pendente lite.* In his argument against the motion to dismiss his appeal Vittorio urged that the *Rosenfeld* case be overruled as harsh and improvident. After careful examination of that case we find no reason to change or modify the rule as therein stated and it is therefore affirmed in all particulars.

In view of the conclusion that we have just expressed, attention is directed to the language at page 384 of the

opinion in the *Rosenfeld* case where the court stated that even though an appeal does not lie from an interlocutory decree in a divorce case, yet an aggrieved party is not without legal remedy *"by appropriate proceedings,"* provided the error complained of resulted from "a clear abuse of judicial discretion" or there were "unusual circumstances rendering it necessary to promptly correct the same in order to prevent the consummation of injury beyond redress during the progress of the cause." (italics ours) We are not called upon here to determine whether by its reference to "appropriate proceedings" the court had in mind certiorari as at common law or some other form of extraordinary writ.

The respondent's motion to dismiss the petitioner's appeal is granted, and the cause is remanded to the superior court for further proceedings.

*Israel Moses,* for petitioner.

*John S. Brunero,* for respondent.