CLARENCE A. PARKER *vs.* JOSEPHINE PARKER.

JUNE 24, 1959.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

PAOLINO, J. This is a petition for an absolute divorce filed by a husband on the grounds of extreme cruelty and willful desertion. The petition alleges that he is a resident of the city of Pawtucket and that the respondent is without the state at Sandoval, Illinois. Before the case was to be heard on the merits the respondent's counsel filed a motion for her transportation and hotel expenses. After hearing on such motion a justice of the superior court, sitting as a court of domestic relations, entered a decree providing that as a condition precedent to permitting the petitioner to assign the case for hearing he would be required among other things to furnish the respondent with transportation expenses from Sandoval to Providence. The case is before us on the petitioner's appeal from such decree.

It appears from the record that the parties were married on August 2, 1952; that respondent has never been a resident of this state; that petitioner is in the armed services of the United States; and that respondent is receiving an allotment of $156.90 per month from the government for herself and the two minor children of the parties, of which $60 monthly is contributed by petitioner out of his base pay of $250 per month. The petition for divorce, which is dated September 20, 1958, was returnable to the superior court on the first Monday of November 1958. After service was duly made on respondent in Illinois she contacted the Legal Aid Society of Rhode Island. Thereupon an appearance on her behalf was entered by an attorney thereof.

Thereafter, on petitioner's motion, the case was assigned for hearing on the merits to November 24, 1958. On that day respondent's counsel informed the trial justice that his client was in Illinois and that he was unable to determine from his correspondence with her whether she desired to contest the petition. The trial justice continued the case to December 15, 1958 and instructed him to find out whether she desired to come to Providence to contest the petition. On December 15 he again informed the trial justice that he could not say from his correspondence with respondent whether she wanted to contest the petition.

The trial justice, with the consent of petitioner's counsel, continued the case for hearing on the merits to January 5, 1959. He again instructed respondent's counsel to communicate with her immediately and find out whether she was going to contest the petition and if so whether she was willing to come to Providence. Apparently he felt that it would be difficult to hear the case without her presence if she wished to contest the action. He stated that if she did not come personally her attorney would have to contest the petition without her presence. The respondent's counsel stated that he would contest the petition even though his client was not present. However, the trial jus-

tice indicated that if respondent wanted to come to Providence to contest the petition and if she did not have the means to pay for the trip, he would entertain a motion by her counsel for transportation fees and expenses.

Thereafter her attorney filed a motion which alleged that she was desirous of contesting the petition and that she had no means for the payment of transportation and hotel expenses. She therefore requested that the husband be ordered to pay such expenses. This motion was heard on December 18, 1958. No sworn testimony was presented by either party. The respondent's counsel orally informed the trial justice that he had contacted his client; that she had informed him she wanted to contest the petition and would come to Providence to do so but that she had no funds with which to pay her transportation and hotel expenses; and that she would need approximately $150 for such purposes. The petitioner's counsel stated that his client had no funds with which to pay these expenses and further that he was prepared to testify to the fact that his wife had, without cause, refused to follow his domicile.

After such hearing the trial justice stated that there probably was an absence of legally competent evidence upon which he could lawfully base an order directing the husband to pay his wife's traveling expenses. However, he pointed out that the state has an interest in the marital status and for that reason, until such time as the wife would be in a position to make herself available in court, he might decline to hear the petition on the ground that she had a valid excuse for not attending if she claimed she had no money for transportation and for the care of the children while she made the trip to Providence.

Thereafter although he stated that he was not ordering petitioner to pay his wife's transportation expenses, the trial justice entered a decree making it a condition precedent to hearing the case on its merits that petitioner send respondent a transportation ticket from Sandoval to Provi-

dence; that he send her $15 for expenses; and that he deposit $100 in the registry of the superior court to be used to implement any further order of the court after respondent arrives in Providence and after a hearing before the court of domestic relations.

The petitioner contends in substance that the decree is erroneous on the ground that it is against the law and the evidence and the weight thereof. The narrow issue before us is whether the trial justice erred in ruling that petitioner could not assign his case for a hearing on the merits until he paid respondent's transportation and other expenses. The correctness of such ruling depends, in the first place, upon whether the court of domestic relations has jurisdiction to order the payment of such expenses, and if it has such power whether in the case at bar there is legally competent evidence to support an order based upon the exercise of such jurisdiction.

It is well established that proceedings in divorce are statutory in nature. *Sullivan* v. *Sullivan*, 68 R. I. 25, 27; *Budlong* v. *Budlong*, 51 R. I. 113. Under general laws 1956, §8-2-18, the court of domestic relations has jurisdiction "to hear and determine all petitions for divorce * * * all motions for allowance, alimony, support and custody of children and other matters affecting the parties and their children wherein jurisdiction is acquired by the court by the filing of such petitions for divorce." It is provided in §15-5-16: "The said court * * * may in its discretion make such allowance to the wife, out of the estate of the husband, for the purpose of enabling her to prosecute or defend against any such petition for divorce or separate maintenance, in case she has no property of her own available for such purpose, as it may think reasonable and proper * * *."

We are of the opinion that in enacting §16 the legislature clearly intended to invest the court of domestic relations, in a proper case, with jurisdiction in its discretion to order the payment of a wife's transportation expenses by her hus-

band "for the purpose of enabling her to prosecute or defend against any such petition for divorce or separate maintenance, in case she has no property of her own available for such purpose * * *."

Although the facts in *Adamo* v. *Adamo*, 59 R. I. 6, are distinguishable from those in the instant case, and notwithstanding the fact that the issue of traveling expenses was not decided in that case, the court stated at page 10: "The above-cited statute requires a husband to furnish his wife, who has no property of her own available, advantages similar to his own in presenting her case in court. She is entitled to be heard in her own behalf either in person or in some other manner provided by law." Our conclusion that under §16 the court of domestic relations has jurisdiction to order the payment of transportation expenses in a proper case is strengthened by the provision of §9-19-26 which establishes the policy of this state that in all cases of divorce, separation and annulment of marriage, the testimony shall be given viva voce in open court, except in special cases where the court of domestic relations may permit the taking of depositions.

In *Gartner* v. *Gartner*, 79 R. I. 399, 409, the court held that there was no basis in law or in fact upon which the trial justice could lawfully award the petitioner traveling expenses. However, that case did not involve the prosecution or defense by the wife of a petition for divorce or separate maintenance. There the wife had voluntarily left this jurisdiction after she had been granted a final decree of divorce and took with her a minor child whose custody had been awarded to her. The issues raised in that case were based on motions filed after the entry of the final decree of divorce and related to questions of custody and support for the minor child. It is clear that the *Gartner* case differs materially on its facts from the case at bar and therefore is not controlling here.

306

Although the court of domestic relations has jurisdiction to order the payment of such expenses, we hold, as we did in the *Adamo* case, that before granting such an order the trial justice should consider all the surrounding circumstances and determine whether, even if the order were complied with, its object would be accomplished.

The question remains whether the instant case was a proper one for the exercise by the trial justice of the jurisdiction which he undoubtedly possessed. It is well established that the state, in its policy of maintaining and preserving the marital status, is an interested party in every divorce action. *Pickles* v. *Pickles,* 70 R. I. 13; *McLaughlin* v. *McLaughlin,* 44 R. I. 429. However, in moving that she be awarded an order for the payment of transportation expenses by her husband, respondent is demanding rights. Such rights must be determined according to law since it is also well established that the legal rights of litigants in divorce actions cannot be determined upon hearsay testimony but only from evidence that is legally competent under well-known rules of law. *Adamo* v. *Adamo, supra.*

In *Jennings* v. *Jennings,* 78 R. I. 139, 142, the court stated: "* * * the existence in the wife of available property sets up a condition ordinarily preventing the granting of her motion for attorney's and witnesses' fees and such other expenses as may directly bear upon her ability to prosecute or defend against proceedings of the nature described." And in *DiNofrio* v. *DiNofrio,* 85 R. I. 21, 125 A.2d 194, we said in substance that before the trial justice is warranted in making an award a wife must show by sufficient credible evidence that the husband is able to pay the counsel fees sought by her and that she is without means to do so. In our opinion the reasoning of the court in those cases applies with equal force to the instant case.

There is no sworn testimony in the case at bar relating to the husband's ability to pay traveling expenses or of his wife's inability to do so. In fact there is no legally com-

petent evidence upon which the trial justice could base a finding that the husband was financially able to pay such expenses and that the wife was without means to do so. Although under the provisions of §8-2-18 the trial justice properly accepted the information given to him by respondent's counsel, such oral statements and representations were hearsay. They could not be the basis for determining the legal rights of the parties and would not warrant the court of domestic relations in exercising its jurisdiction to order the payment of transportation expenses in the circumstances here.

We do not question the authority of that court to refuse to hear a petition for divorce or separate maintenance on its merits until the husband has complied with an order to pay traveling expenses where there is legally competent evidence to support findings that he is financially able to pay such expenses and the wife has no means available for that purpose. However, it is our opinion that in the instant case the trial justice exceeded his jurisdiction in imposing as a condition precedent to the hearing of the petition on its merits an order which he could not have imposed in the absence of such evidence.

The petitioner's appeal is sustained, the decree appealed from is reversed, and the cause is remanded to the superior court for further proceedings.

*Kirshenbaum & Kirshenbaum, Max Levin,* for petitioner.

*A. Anthony Susi, John A. Mutter,* for respondent.