**241 A.2d 297.**

ALBERTINA V. MENDES *vs.* AMBROSE C. MENDES.
SAME *vs.* SAME.

APRIL 25, 1968.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

JOSLIN, J. In the family court, the petitioner filed first for an absolute divorce and shortly thereafter petitioned for separate maintenance under G. L. 1956, §15-5-19. She then moved in each case to consolidate the two petitions for trial, and in addition, in the absolute divorce case, moved for an order authorizing the taking of depositions of essential witnesses in the Cape Verde Islands as well as for an allowance to cover the cost of taking those depositions. Her motions were denied.

The appeal which petitioner claimed in each case from the decree denying her motions cannot be entertained because under our practice, certiorari, rather than appeal, is the way to bring us for review[1] a challenged interlocutory order or decree in a divorce matter. *Rosenfeld* v. *Rosenfeld*, 51 R. I. 381, 155 A. 244; *Sherman* v. *Sherman*, R. I., 178 A. 462; *Simeone* v. *Simeone*, 80 R. I. 210, 94 A.2d 823; *Smith* v. *Smith*, 88 R. I. 17, 143 A.2d 309.

Divorce, although it follows the course of equity, does **not recognize the exception** which obtains generally in equity matters pursuant to which a decree or order, although interlocutory in the strict sense, is deemed to have

---

[1]Instances since *Rosenfeld* where review of an interlocutory order or decree in divorce proceedings has been by certiorari are: *Adamo* v. *Adamo*, 59 R. I. 6, 193 A. 737; *Parenti* v. *Parenti*, 71 R. I. 18, 41 A.2d 313; *Jennings* v. *Jennings*, 78 R. I. 139, 79 A.2d 920; *Gordon* v. *Gordon*, 95 R. I. 299, 186 A.2d 732; *Rogers* v. *Rogers*, 98 R. I. 263, 201 A.2d 140. In *Parker* v. *Parker*, 89 R. I. 300, 152 A.2d 526, however, where we reviewed on appeal an interlocutory decree directing the husband to pay the wife's transportation charges from Illinois to Rhode Island, the question of whether an appeal, rather than certiorari, was appropriate was not raised by the parties.

such elements of finality as to be appealable when by reason of possible injurious consequences an immediate review is necessary. *McAuslan* v. *McAuslan,* 34 R. I. 462, 83 A. 837; *Montaquila* v. *Montaquila,* 85 R. I. 447, 133 A.2d 119; *Redfern* v. *Church of Mediator in Providence,* 101 R. I. 182, 221 A.2d 453. Consequences become "injurious," in the sense in which we use that term, when their occurrence is imminent and the damage they will work irreparable. *Coen* v. *Corr,* 90 R. I. 185, 156 A.2d 406; *Scotland* v. *Scotland,* 67 R. I. 489, 25 A.2d 556; *Art Metal Constr. Co.* v. *Knight,* 56 R. I. 228, 185 A. 136.

The practice in divorce differs from that in equity because of our concern that the rights of the parties might be seriously affected and the final determination of the proceedings unduly delayed were we to allow appeals from the numerous decrees, orders and modifications which are frequently entered pendente lite in a single divorce case. *Rosenfeld, supra,* at 383, 155 A. at 245. The possibility that such adverse consequences might result does not exist to the same degree where the review route is certiorari, rather than appeal, inasmuch as the former is discretionary and the writ will issue only if the application therefor satisfies us that the peculiar circumstances of the case provide the justification for allowing piecemeal review.

In each case the petitioner's appeal is denied and dismissed, and the decree appealed from is affirmed.

*Pearlman & Pearlman, Thomas W. Pearlman,* for petitioner.

*Leroy V. Marcotte,* for respondent.