252 A.2d 345.

ROBERT W. RAYMOND *vs.* BURTON S. RAYMOND, JR. &
BEVERLY JANE POWERS, *Executors u/w* BURTON S.
RAYMOND.

APRIL 16, 1969.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

POWERS, J. This is an appeal from the entry of an order by a superior court justice denying the defendants' motion for physical and mental examination of the plaintiff, which motion purports to be in accordance with the provisions of superior court rules of civil procedure, rule 35(a) and/or G. L. 1956, §9-17-19.

It appears from the certified record that defendants are co-executors and trustees under the will of their father who was also father of plaintiff; and that plaintiff, an adult epileptic, acting sui juris, claimed an appeal to the superior court for Washington county from a decree of the North Kingstown probate court, which decree was entered in connection with the father's estate. The appeal thus taken to the superior court was docketed on that court's civil calendar as 68-4.

The record further establishes that after said appeal had been perfected, defendants in that case, appellants here, filed the following motion in the Washington county superior court. It states:

"Now comes the Appellees by their attorney and move that pursuant to Rule 35 (a) R. C. P. for an order that the Appellant, Robert W. Raymond, submit to physical and mental examination within thirty (30) days following the hearing on this motion, at a time and place and by a medical expert to be designated by the Court, in order to determine the correct legal

status of Robert W. Raymond with respect to his ability to bring the pending action without a guardian, and to determine whether or not a guardian should be appointed over his person.

"The Appellees also rely upon the power vested in the Honorable Superior Court by Rhode Island General Laws 1956, Section 9-17-19 each as amended authorizing said Court to appoint expert witnesses upon motion of any party."

This motion was heard by a superior court justice on June 4, 1968, and denied in a decision given from the bench. A written order was accordingly entered and from this, defendant seasonably appealed to this court.[1]

In their oral argument and brief, they contend that the superior court justice's decision was erroneous for the reason that, in light of evidence bearing on plaintiff's mental condition, which evidence was presumably brought to the attention of the superior court justice, a serious question was raised as to plaintiff's legal capacity to appeal, sui juris, from the decree of the probate court.

We say "presumably" brought to the attention of the superior court justice for the reason that defendants in their brief quote extensively from a transcript made in a probate court hearing on a petition brought in that court

---

[1] It would appear from the briefs of the parties that defendants are also co-executors u/w/o Martha I. Raymond, which will was allowed by a decree of the North Kingstown probate court and that from this decree plaintiff appealed also. This appeal is said to be docketed in the Washington county superior court on its civil calendar as 68-2. The parties' briefs further inform us that a motion for physical and mental examination of plaintiff was also filed and denied in connection with the appeal taken from the decree allowing the mother's will. Indeed, the parties have argued as though there had been an appeal to this court from an order denying the motion in each case and a consolidation for the purposes of argument in this court. We find nothing in the papers which so much as suggests, let alone establishes, that any appeal was claimed in 68-2 and our consideration is therefore limited to the appeal claimed to this court in 68-4, namely: *Robert W. Raymond* v. *Burton S. Raymond, Jr. & Beverly Jane Powers, Executor u/w Burton S. Raymond.*

for the purpose of having a guardian appointed for plaintiff. There is nothing in the record before us, however, to indicate that the material quoted in defendants' brief was in fact brought to the attention of the superior court justice in the hearing on the motion calling for a physical and mental examination of plaintiff. In the view we take of the controlling issue in the instant appeal, the question of whether the quoted material was actually before the superior court justice is without materiality.

In thus moving out as being immaterial the psychiatric testimony quoted in defendants' brief, it is essential not merely to note but to emphasize that the testimony in question was adduced in a hearing before the North Kingstown probate court which was nowise related to the proceedings in that court, as a result of which there was entered the decree from which plaintiff appealed to the superior court. The psychiatric testimony was adduced at a hearing in the probate court, which hearing was held pursuant to a petition brought by defendants to have plaintiff placed under guardianship.[2] The plaintiff appealed from a decree of the probate court denying his petition to vacate a decree of the probate court, which latter decree purported to allow an account rendered by defendants as executors in the estate of the parties' deceased father. It is in connection with this appeal of plaintiff to the superior court that defendants filed the motion under rule 35(a) and/or G. L. 1956, §9-17-19.

---

[2]Both sides to this litigation have, in their respective briefs, attempted to bring to the attention of this court information not contained in the certified record. This is a practice which in addition to being improper, tends to confuse and unnecessarily burden this court. However, because we have felt, solely by way of explanation, a reluctant compulsion to refer to some matters not in the record, but made known in defendants' brief, we deem it advisable at this juncture to note that plaintiff informs us in his brief that defendants' petition to the probate court to have a guardian appointed for plaintiff was denied and dismissed by the justice of the probate court, an assertion not disputed by defendants.

Rule 35(a) is as follows:

> "In an action in which the mental or physical condition or the blood relationship of a party, or of an agent or a person in the custody or under the legal control of a party, is in controversy, the court may order the party to submit to a physical or mental or blood examination by a physician or to produce for such examination his agent or the person in his custody or legal control. The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made."

This court has not heretofore had occasion to consider the scope and application of rule 35(a). Called on to do so here, we deem it advisable to turn to *Schlagenhauf* v. *Holder*, 379 U. S. 104, 85 S. Ct. 234, 13 L. Ed. 2d 152, a leading case among those concerned with a construction of rule 35(a) of the federal rules of civil procedure. We are so motivated because, save for provisions making for a more liberal concept not material to the instant appeal,[3] the Rhode Island rule is closely patterned on federal rule 35(a). This is especially true in a very significant particular. Specifically, before the justice, in either jurisdiction, may grant a motion calling for submission by a party to the litigation to a physical and mental examination, said justice must determine that two conditions precedent have been met.

---

[3]The Rhode Island rule is broader in scope as to examination and parties to be examined. Compare it with federal rule 35 (a) which provides:

"In an action in which the mental or physical condition of a party is in controversy, the court in which the action is pending may order him to submit to a physical or mental examination by a physician. The order may be made only on motion for good cause shown and upon notice to the party to be examined and to all other parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made."

These requirements are affirmative showing by the movant that the physical or mental condition of the party sought to be examined is a controversial issue in the case within which the motion is made and that "good cause" exists for the granting of the motion.

Thus, in *Schlagenhauf* v. *Holder, supra,* the court, referring to the "in controversy" and "good cause" stated,

> "They are not met by mere conclusory allegations of the pleadings—nor by mere relevance to the case—but require an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination." 379 U. S. at 118.

Clearly, we are not concerned in this appeal with the question of "good cause." That question becomes academic once it is determined that plaintiff's physical or mental condition is not a controversial issue in the case. The defendants' contention that plaintiff's mental condition is in controversy, because if found to lack mental capacity to sue in his own name, his appeal from the decree of the probate court is without standing, misconceives the nature of the controversy encompassed by the rule. As used in both federal and Rhode Island rules 35(a), the phrase "in controversy" contemplates that a determination of the merits of an issue in the case within which the motion for physical or mental examination is made, may turn on, or be directly affected, by the physical or mental condition of the party sought to be examined. In the instant case, for example, plaintiff's physical or mental condition is without materiality as it relates to the merits of the issues to be resolved by the superior court in passing on the probate decree entered in connection with the allowance of defendants' accounts as executors. That plaintiff may lack legal capacity to act sui juris, as defendants contend,

is that type of controversy which the court in *Schlagenhauf* categorized as "mere relevance to the case."

In claiming an appeal from the decree of the probate court, plaintiff was represented by counsel. If, as defendants insist, there is a question concerning his capacity to act sui juris, which in turn includes the right to engage counsel, that question must be resolved in the first instance in a separate proceeding brought for that purpose in the probate court within which the legislature has vested original jurisdiction. G. L. 1956, §33-15-8.

The defendants further argue, however, that if for the reason heretofore stated the decision of the superior court justice was not erroneous when tested against the requirements of Rhode Island rule 35(a), the case is otherwise when tested against the provisions of G. L. 1956, §9-17-19, on which authority their motion was also predicated. This section provides:

> "Any justice of the superior court may, in any cause, civil or criminal, on motion of any party therein, at any time before the trial thereof, appoint one or more disinterested skilled persons, whether they be residents or nonresidents, to serve as expert witnesses therein; provided, that the reasonable fees of such experts, according to the character of the service to be performed, as fixed by such justice, shall be paid by the party moving for such appointment, to the clerk of the court at such time as the justice shall prescribe; and the amount so paid shall form part of the costs in the cause. In criminal cases in the discretion of the court, on request of the defendant, expert witnesses may be furnished for the defendant at the expense of the state, on such terms and conditions as may be prescribed by the court."

At the outset, it should be observed that rule 35(c) makes clear that 35(a), following the federal practice of authorizing the court to order examinations by experts

designated by the movant,[4] absent valid objection by the party to be examined, is in addition to the statutory practice in Rhode Island of requesting the court to appoint impartial experts. Moreover, 35(c) requires the movant to specify in his motion whether the authority of the court is being invoked under 35(a) or G. L. 1956, §9-17-19.

In the instant case, defendants purport to have invoked in their motion both the authority vested in the superior court by rule 35(a) and G. L. 1956, §9-17-19. Whether such practice be valid is open to question. Be that as it may, recourse to either rule 35(a) or the statutory provision preserving impartiality is addressed to the sound discretion of the superior court justice. *Schlagenhauf* v. *Holder, supra* and *DeCourcy* v. *American Emery Wheel Wks.*, 89 R. I. 450, 153 A.2d 130.

In the instant appeal, then, it is defendants' burden to establish that in denying their motion, the superior court justice abused his discretion. *DeCourcy* v. *American Emery Wheel Wks., supra.* As heretofore noted, the superior court justice's decision was given from the bench. Moreover, the record as certified contains no transcript of the hearing nor of the reasons stated by the superior court justice in giving his decision. Reviewing such a record, we would, ordinarily, fault an appellant for failing to provide us with a transcript of the decision sought to be reviewed, since without it this court could only speculate. Restricted to that exercise, we would assume that the challenged decision was correctly reached.

However, defendants in their brief do inform us that the superior court justice denied the motion for the same rea-

---

[4]See reporter's notes to rule 35 of the superior court rules of civil procedure. See also *O'Reilly* v. *Superior Court*, 45 R. I. 491, 124 A. 1, where this court, construing now G. L. 1956, §9-17-19 held that the statute did not authorize a superior court justice to appoint an expert requested by the movant.

son that he gave in denying an identical motion in 68-2. This was, and we quote from defendants' brief,

> " ' * * * it is not basically salutary to allow adverse parties to examine into the physical and mental condition of the other party where the subject matter of the controversy is not affected thereby. Save for the limited purpose of determining whether this individual might need a guardian for his own protection, and in the absence of some relationship that would give the adverse party a bona fide interest in this matter, it would seem to the Court that it is not appropriate.' "

It is clear from this language that the superior court justice believed, and we think correctly so, that to grant a motion for physical and mental examination under §9-17-19, where the result of such an examination would not help resolve an issue in controversy in the case within which the motion was made, would constitute an abuse of discretion fully as much as would be the case in passing on such a motion under rule 35(a).

We hold, therefore, that the decision of the trial justice was a proper exercise of discretion and that the defendants' contentions to the contrary are without merit.

The appeal is denied and dismissed and the order appealed from affirmed.

*Justin P. McCarthy, Leonard A. Kamaras,* for plaintiff.

*Robert C. Hogan,* for defendants.