114

385 A.2d 126.

ROBERT W. RAYMOND *v.* BURTON S. RAYMOND, JR. *et al.*

APRIL 27, 1978.

PRESENT: Bevilacqua, C.J., Joslin, Kelleher and Doris, JJ.

JOSLIN, J.  These are appeals in a seemingly interminable probate matter which has been here twice before. *Raymond v. Raymond,* 109 R.I. 265, 284 A.2d 64 (1971); *Raymond v. Raymond,* 105 R.I. 380, 252 A.2d 345 (1969). This phase of the litigation originated with petitions which Robert W. Raymond filed in the Superior Court. He is surviving adult child of Martha I. and Burton S. Raymond, Sr., both deceased, and is a beneficiary of a testamentary trust under the will of his father. The defendants are Robert's brother and sister, and they are sued in their capacities as executors under the wills of their parents. Although Robert filed identical support petitions in the probate proceeding for each of his parents' estates, and the defendants have appealed from the identical support orders entered in each of the two proceedings, the record, the briefs and the arguments concern only the father's estate. Having nothing upon which to base a decision of the appeal in the mother's estate, we deny that appeal pro forma and consider only the appeal in the father's estate.

In his petition Robert alleges that he is unemployed by reason of a physical disability and is in dire need of regular maintenance and support. He asks that the defendants be ordered to provide him with that support and maintenance out of funds which he asserts are regularly accruing in his father's estate, and he further asks that those payments be continued pending resolution of the numerous disputes involved in the closing out of that estate and the establishment of the testmentary trust for his benefit.

In the Superior Court no evidence of any kind was offered and the case was heard solely upon the arguments of counsel. At the conclusion of that hearing defendants were ordered to pay $75 a week for Raymond's support "[o]ut of the income and assets of Raymond Realty Corporation," such payments, however, to be "subject to adjustment at the proper time." The defendants appealed and argue, first, that the petition for support was not timely, having been filed after the expiration of the time limits prescribed in G.L. 1956 (1969 Reenactment) §33-10-3 for applying for an allowance for support out of the estate of a deceased parent, and, second, that the Superior Court exceeded its jurisdiction by ordering defendants to make the payments out of the assets or income of Raymond Realty Corporation, a domestic corporation which, although apparently a Raymond family corporation, is not a party to these proceedings.

Before reaching defendants' contentions on the merits, we consider the threshold question of whether the admittedly interlocutory decree appealed from is ripe for review. The defendants, while conceding that appeals from interlocutory rulings generally are not permitted, argue that the instant order, even though not final, is appealable under G.L. 1956 (1969 Reenactment) §9-24-7,[1] wherein the Legislature created limited exceptions to the general rule. That section permits immediate appeal, *inter alia*, from a decree ordering "a sale of real or personal property."

In an attempt to fit within that precise exception, defendants assert — without evidentiary support, as we previously observed — that the only estate assets intended for Robert's trust are shares of stock in Raymond Realty

---

[1]General Laws 1956 (1969 Reenactment) §9-24-7 provides:

> "Whenever upon a hearing in the superior court an injunction shall be granted or continued, or a receiver appointed, or a sale of real or personal property ordered, by an interlocutory order or judgment, or a new trial is ordered or denied after a trial by jury, an appeal may be taken from such order or judgment to the supreme court in like manner as from a final judgment, and such appeal shall take precedence in the supreme court."

Corporation, that compliance with the support order will require them to sell some of those shares, and that consequently the decree of the Superior Court is immediately appealable as one requiring the sale of personal property.

In support of their assertion that there are no cash assets available for satisfying the support order, defendants in their brief refer us to the first and final accounting in the father's probate estate, a copy of which is included in the records transmitted to us. Although that account, contrary to defendants' assertion, shows some cash assets, the amount is insubstantial. The allowance of the account by the probate court, however, was conditioned, *inter alia,* upon (1) disallowance of a claim of $14,149.43; (2) payment by life insurance beneficiaries of a proportionate share of the federal estate tax paid by the estate on the insurance proceeds received by those beneficiaries and (3) repayment by each of the executors of $3,500 of the amount received from the estate as fees. Certainly compliance with these conditions would provide defendants with more than ample funds to meet the support order and make unnecessary a sale of the Raymond Realty Corporation stock. However, by appealing from the allowance of that account, defendants have challenged the imposition of those conditions and until that appeal is decided we cannot know whether satisfaction of those conditions will generate sufficient cash assets for defendants to comply with the support order with funds of the estate.

Even assuming a complete lack of cash assets in the father's estate, defendants' contention falters because it fails to recognize that the support order, while facially not as clear as it might be, nonetheless contemplates that the funds required for compliance therewith will be obtained from advancements to the executors by Raymond Realty Corporation rather than from a sale of stock. That the corporation has liquid assets available for those advancements is not denied by defendants. In addition, the existence of such assets is evidenced both by colloquies between counsel and the trial

justice at the Superior Court hearing and by documents in the record indicating that, in the past, substantially larger amounts than here required were advanced by the corporation to the father's estate and used by that estate to make support payments to the mother prior to her death.

Alternatively defendants argue that, under the principles enunciated in *McAuslan* v. *McAuslan*, 34 R.I. 462, 472, 83 A. 837, 841 (1912), the support order, although interlocutory in the strict sense, should be deemed by reason of its possible injurious consequences to have such elements of finality as to permit an immediate appeal. The defendants purport fo find such consequences in the asserted dilemma of either being held in contempt for nonpayment of the support order, or being forced to make the required payments either out of their own pockets or illegally from the corporate funds of Raymond Realty Corporation.

But consequences are "injurious" in the sense that the term is used in applying the *McAuslan* doctrine only if their occurrence is imminent and the damage they will work irreparable. *Mendes* v. *Mendes*, 103 R.I. 734, 736, 241 A.2d 297, 298 (1968). Here the consequences which defendants claim to fear, if viewed realistically and in the light of the condition in the order that the weekly payments "shall be subject to adjustment at the proper time," are neither "imminent" nor "irreparable" in the *Mendes* sense. That condition, possibly cryptic if read out of context, is clarified by the transcript which discloses that defendants' counsel, when responding to the court's query about possible "[a]djustments at a future date," said, "Well, I would think if this fellow [plaintiff] is not going back to work ever, that any order that you make should be deducted immediately upon settlement or whenever the estate is terminated in one manner or another from whatever his share of the estate or from the tentative settlement." That condition and all it implies militates against defendants' contention that compliance with the support order will result in the requisite "injury beyond

redress." *McAuslan* v. *McAuslan*, 34 R.I. at 473, 83 A. at 841.

In sum, nothing in the sparse record before us permits the conclusion that the defendants have established either that the support order will require a sale of stock within the meaning of §9-24-7, or that obedience to the order will produce the kind of "injurious consequences" contemplated by the *McAuslan* exception. Consequently, this court has no jurisdiction to hear the appeal.

The defendants' appeals are dismissed, and the cases are remanded to the Superior Court.

*Justin P. McCarthy, Leonard A. Kamaras,* for plaintiff.

*Robert C. Hogan,* for defendant.