394 A.2d 694.

STATE *vs.* PIEDMONT FUNDING CORPORATION.

NOVEMBER 21, 1978.

PRESENT: Bevilacqua, C.J., Joslin, Kelleher and Doris, JJ.

28

DORIS, J.   This is an appeal by the plaintiff from an ancillary order of the Superior Court fixing the compensation of a master and distributing that cost equally between the parties.

On September 24, 1975, plaintiff commenced this action against defendants alleging that the latter's practices violated the Unfair Trade Practice and Consumer Protection Act, G.L. 1956 (1969 Reenactment) §§6-13.1-1 to 15 (Supp. 1977). Nine days later the trial justice entered an order to protect the rights of the parties during the pendency of the litigation and a master was appointed. On May 19, 1976, the Superior Court justice dismissed the action for lack of subject matter jurisdiction. We affirmed. *State* v. *Piedmont Funding Corp.*, 119 R.I. 695, 382 A.2d 819 (1978). Subsequent to the trial court's dismissal, but prior to our disposition of the case on appeal, the master presented his report to the Superior Court and was heard on his request for compensation. An ancillary order regarding payment of the master was issued on July 15, 1976. This order fixed the master's compensation at $6,000, required plaintiff and defendants to each pay $3,000 to the master, and further stated, *"That this Order of payment is not a determination of the ultimate responsibility for the payment of the Master's compensation, and any party is free to seek a different assessment of this portion of the cost of the case."* (Emphasis added.) Rather than seek a different assessment, plaintiff timely filed a notice of appeal from the order. The defendants filed a motion to

dismiss the appeal for lack of prosecution, which we denied. *State* v. *Piedmont Funding Corp.*, 383 A.2d 1343 (1978). The defendants then filed a motion pursuant to Supreme Court Rule 16(g) to affirm the order. We have reserved consideration of that motion until this time. *State* v. *Piedmont Funding Corp.*, 386 A.2d 207 (1978). The defendants have paid the master $3,000; plaintiff has made no such payment.

The plaintiff contends that the trial justice's assessment of one-half of the master's fee to plaintiff constituted an abuse of discretion. Before we address that question, however, we must determine whether this appeal is properly before us. According to §9-24-1, an appeal may be taken to this court only from a final judgment, decree, or order of the Superior Court. We believe that this order is neither final nor does it fall within the narrow exceptions that permit appeal from interlocutory orders.

We have stated on numerous occasions that a final judgment or order for purposes of appealability is one that terminates all the litigation arising out of the action between the parties on the merits. *E.g., Maloney* v. *Daley*, 115 R.I. 375, 376, 346 A.2d 120, 121 (1975). Thus, if we were to affirm the judgment, the trial court should have no function other than to execute the order it had previously entered. *Pearson* v. *Old Stone Savings Bank*, 119 R.I. 836, 839, 383 A.2d 1029, 1030 (1978); *Rubin* v. *Rubin*, 105 R.I. 647, 649, 254 A.2d 424, 426 (1969). Were we to affirm the order before us, however, by its very terms either party would still be free to seek a different assessment of his portion of the master's fee and the litigation would not be terminated. Therefore, this order is not final and, accordingly, this appeal is premature.

The plaintiff acknowledges that the order is "technically" interlocutory, but contends that this case falls within the exception first enunciated in *McAuslan* v. *McAuslan*, 34 R.I. 462, 83 A. 837 (1912). *McAuslan* established an exception to the rule that only final judgments are appealable by holding that certain interlocutory orders will be treated as possessing

sufficient elements of finality and reviewed immediately when such a determination is necessary to prevent injurious consequences. *Id.* at 469, 83 A. at 841. The plaintiff asserts that *McAuslan* is apposite because the order requires the state to pay $3,000 immediately to the master and then subsequently seek possible reimbursement. We disagree. In *Acme Finishing Co.* v. *Greenville Finishing Co.*, 43 R.I. 294, 111 A. 721 (1920) we stated:

> "It is not sufficient to bring a case within this exception to the general rule that the party aggrieved by the interlocutory order or decree may suffer some injury or prejudice if he is compelled to wait for the disposition of the entire cause before taking his appeal, but the injury apprehended must be shown to be clearly imminent and irreparable unless an immediate appeal is allowed." *Id.* at 298, 111 A. at 723.

*Accord, Mendes* v. *Mendes*, 103 R.I. 734, 736, 241 A.2d 297, 298 (1968). In this case the injury apprehended is neither imminent nor irreparable. Because the principal case has been terminated, there is no fear that the master will balk at continuing his work until paid. The wording of the order that "any party is free to seek a different assessment" clearly negates any argument of irreparable injury.

The plaintiff further argues that our decisions in *Davis* v. *Perrino*, 60 R.I. 145, 197 A. 393 (1938) and *Berberian Co.* v. *Berberian*, 56 R.I. 473, 187 A. 855 (1936) are dispositive of the instant case. We find both of these cases readily distinguishable. Neither of those cases held that all orders concerning the compensation of masters are per se appealable. The crucial language in the order before us — the clear pronouncement that an ultimate distribution of costs is reserved until a later date — is markedly absent from the decrees in *Davis* and *Berberian.*

Therefore, because the Superior Court order neither falls within the general definition of finality nor within the applicable exceptions, we must dismiss the plaintiff's appeal.

The plaintiff's appeal is dismissed without prejudice, the defendants' motion to affirm is denied, and the case is remanded to the Superior Court for further proceedings.

Mr. Justice Weisberger did not participate.

*Julius C. Michaelson,* Attorney General, *Gregory L. Benik,* Special Assistant Attorney General, *John R. McDermott,* Special Assistant Attorney General, for plaintiff.

*Edwards & Angell, Deming E. Sherman,* for defendants.