VIRGINIA A. RAMSAY *vs.* WALTER E. RAMSAY.

JULY 1, 1952.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

BAKER, J. This action of debt on judgment was heard in the superior court by a justice sitting without a jury. He rendered a decision for the plaintiff in the sum of $850 and thereafter the defendant duly prosecuted his bill of exceptions to this court.

The declaration alleges an unsatisfied judgment for $850 which was obtained by plaintiff against defendant in a divorce proceeding in the probate court for the county of Middlesex in the commonwealth of Massachusetts. The defendant pleaded the general issue and a special plea. The latter sets out in substance that the judgment upon which the present action is based was procured by the fraud and misrepresentation of the plaintiff in respect to the length and continuity of her residence in Massachusetts, thereby preventing such probate court from having jurisdiction in the matter. To the above pleas plaintiff filed replications. The defendant's bill of exceptions contains nine exceptions, the first eight being to rulings of the trial justice refusing to admit certain evidence offered by the defendant and the other exception being to the decision itself.

It appears from the testimony and exhibits that plaintiff, on February 14, 1943, married defendant in Providence in this state and on October 9, 1947 entered a libel for divorce

in the probate court for the county of Middlesex charging her husband with cruel and abusive treatment. On October 15, 1947 that court entered an interlocutory order giving custody of a minor son of the parties to plaintiff and restraining defendant from interfering with her liberty. An attorney entered a general appearance for the defendant in that proceeding on November 24, and a further temporary order was entered by the court on that date directing defendant to pay plaintiff $25 a week for the support of herself and the child beginning November 29, 1947.

Thereafter on January 5, 1948 defendant by his attorney filed an answer to his wife's libel, denying each and every allegation therein and asking for custody of their son. On January 16 he filed a petition praying to be allowed to see the boy at reasonable hours without interference by plaintiff's parents, and after a hearing at which defendant was present the Massachusetts court entered a decree modifying the one entered November 24 by giving him the right to have the child with him at certain specified times. A second child of the parties was born July 3, 1948. The defendant paid the allowance for some time but subsequently he was cited to appear before the Massachusetts court on at least two occasions to show cause why he should not be adjudged in contempt for his failure to comply with the above decree ordering him to pay plaintiff $25 per week. On September 15, 1948 the same attorney entered an appearance for him in the contempt proceedings. Certain other orders not material herein were also made by the court. A decree nisi divorcing plaintiff from her husband was entered June 6, 1949. This was followed by the entry on December 6, 1949 of a "Decree nisi absolute by statute."

On May 3, 1949 plaintiff filed a petition in said probate court setting out in substance that under the decree entered November 24, 1947 there was unpaid and due her from defendant the sum of $850, and she prayed that an execution for that amount issue in her favor against the goods, chattels and lands of defendant. On that petition a citation

containing due notice thereof was issued returnable September 19, 1949 and in accordance with the order of the court was personally served upon defendant. On the date last mentioned plaintiff's above petition came before the probate court which found that $850 was due her from defendant and entered its decree that execution issue for that sum in favor of plaintiff as prayed. That is the judgment sued on in the instant case.

It is not questioned that generally the superior court has jurisdiction in an action of debt on a foreign judgment such as is involved in the instant case. *Wagner* v. *Wagner*, 26 R. I. 27. The plaintiff contends that the direction set out in article IV, section 1, of the United States constitution that "Full faith and credit shall be given in each state to the public acts, records and judicial proceedings of every other state" was correctly applied by the trial justice in this case in upholding the Massachusetts judgment. While recognizing the above principle, defendant argues in substance that it does not apply in the case at bar and that he has a present right in the instant action, which rests on the validity of the judgment entered in the Massachusetts court in the divorce proceeding between the parties, to attack collaterally in the courts of this state the jurisdiction of the court in Massachusetts which entered the judgment in question. In support of his position he cites *Rathbone* v. *Terry*, 1 R. I. 73, and *Crawford* v. *Hindle*, 60 R. I. 135.

These cases are clearly distinguishable both on facts and principle from the case now before us which in our opinion is not governed by them. The undisputed facts appearing herein according to the evidence and the exhibits introduced bring the present case within the rules of law laid down by the supreme court of the United States in the cases of *Sherrer* v. *Sherrer*, 334 U. S. 343, and *Coe* v. *Coe*, 334 U. S. 378. Furthermore the holdings in those cases have been approved by that court in the recent cases of *Cook* v. *Cook*, 342 U. S. 126, and *Sutton* v. *Leib*, 342 U. S. 402, and in our judgment represent the present state of the law on the

subject under consideration. In the circumstances we conceive it our duty to follow them. In addition it is clear that the evidence before us prevents the defendant from taking advantage of the principles of law enunciated in *Williams* v. *North Carolina*, 325 U. S. 226, regarding the existence of circumstances which on jurisdictional grounds would permit a collateral attack on a foreign judgment.

Without attempting to set out fully the holdings in the *Sherrer* and *Coe* cases, it may be stated generally that they stand for the principle that a defendant is barred by the requirements of the full faith and credit clause of the federal constitution from collaterally attacking on jurisdictional grounds in the courts of a sister state a decree in divorce proceedings where there has been participation by the defendant therein, where the defendant has been given full opportunity in such proceedings to contest the jurisdictional issues, and where the decree in question is not susceptible to such collateral attack in the courts of the state which rendered it. The above cases also hold that a defendant, having had his day in court with respect to every issue involved in the litigation, is not entitled to a second opportunity to litigate the existence of the jurisdictional facts.

In substance the above circumstances appear in the present case. The defendant after being duly served in the divorce proceeding instituted by his wife in Massachusetts entered a general appearance through his attorney, filed an answer, appeared several times, and participated in the proceedings by filing a motion respecting the custody of a child. The judgment sued on by plaintiff rests on a decree entered by the Massachusetts court in such divorce proceedings and defendant here seeks to question collaterally the jurisdiction of that court which he did not question directly, and which does not appear to be susceptible to collateral attack in that state. Upon consideration it is our judgment that the defendant so conducted himself in respect to his wife's divorce action in Massachusetts that he is now

446

barred in the present case from attacking the jurisdiction of the Massachusetts court in the divorce litigation.

We are of the opinion that the cases of *Estin* v. *Estin*, 334 U. S. 541, and *Rice* v. *Rice*, 336 U. S. 674, are not applicable in the case at bar. To a certain extent those cases limit or modify the rulings in the *Sherrer* and *Coe* cases in respect to certain property rights and legal incidents of the marriage relationship arising under the law of a state other than the one in which the judgment being questioned was rendered. No rights or incidents such as were involved in the *Estin* and *Rice* cases appear herein.

We find no error in the decision of the trial justice upholding the Massachusetts judgment here sued on by plaintiff as being in the circumstances entitled in the courts of this state to full faith and credit under the pertinent provision of the federal constitution. Therefore on our view of the case defendant's exceptions to certain rulings by the trial justice excluding evidence pertaining to plaintiff's lack of domicile in Massachusetts need not be considered.

All of the defendant's exceptions are overruled, and the case is remitted to the superior court for entry of judgment for the plaintiff on the decision.

*Haslam, Arnold & Sumpter, Charles H. Anderson, Stephen F. Mullen,* for plaintiff.

*Louis V. Jackvony, Jr., John L. Curran,* for defendant.