# Douglas Furniture Corporation *vs.* William Ehrlich *d.b.a.* Emerson Furniture Showroom.

APRIL 29, 1960.

Present:  Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

8

ROBERTS, J. This action in assumpsit was brought to recover for goods sold and delivered. The case was heard by a justice of the superior court sitting without a jury and resulted in a decision for the plaintiff in the amount of $411.80. The case is here on the defendant's exceptions to the decision, to the admission of certain evidence, and to the denial of his motion to reopen the case for the introduction of further evidence.

It is not disputed that defendant conducts a furniture business in the city of Providence and has been purchasing merchandise from plaintiff over a long period of time. Neither is it substantially disputed that in January 1953 defendant ordered certain furniture from plaintiff through its agent in Providence and that on March 9 of that year there was a tender of delivery of some fifteen cartons which defendant refused to accept. It is not denied that these cartons were taken back to the carrier's terminal in Boston.

Testimony on plaintiff's behalf was given by the freight terminal manager of the carrier which is alleged to have made the delivery. According to its records, the merchandise had been returned to the Boston terminal after the attempted delivery on March 9, 1953. Thereafter a request for redelivery was made, and on April 9, 1953 the fifteen cartons were delivered to defendant. This witness further testified that, according to the carrier's records, defendant paid the freight charges on the shipment by his check No. 7200, dated April 10, 1953, payable to the carrier. The witness conceded that there was nothing in the records in the form of a receipt for the cartons signed by defendant or by anyone in his behalf.

The defendant testified that he had rejected the cartons at the time of the attempted delivery on March 9 and denied that at any time thereafter there was a delivery to him of the merchandise in question. According to his testimony, after the attempted delivery on March 9 he received nothing from plaintiff until early in 1955 when he received a consignment entirely unconnected with the instant litigation. His testimony concerning the payment of the freight charges was, in substance, contradictory to that adduced in plaintiff's behalf.

At the conclusion of the evidence the trial justice, expressing an opinion that the matter of the nonpayment of the freight charges on April 9 had substantial probative value, continued the case to give defendant an opportunity to "es-

tablish through his own checking or bookkeeping records that the payment was not made * * *." At the adjourned hearing defendant offered no evidence tending to prove that he did not pay the freight charges, but requested permission to present certain evidence that would tend to prove part payment of the account. The trial justice, treating this as a motion to reopen the case, denied it and rendered a decision for plaintiff.

The first exception of defendant is to the admission in evidence of the testimony of plaintiff's office manager concerning the amount of the balance due from defendant as shown by plaintiff's books of account. This witness, who testified by deposition, identified the records as containing defendant's account and stated that they were kept in the regular course of business and under his supervision and control.

In our opinion there was no error in the admission of such testimony. Where in an action in assumpsit the amount due on an account is in dispute, records of the account kept in the regular course of business are competent evidence to prove the sale of goods, *Cargill* v. *Atwood,* 18 R. I. 303, and *P. D. Cecca & Co.* v. *Antonelli,* 51 R. I. 280, the charges made for work performed, *Sandsea* v. *No-Kap Closures (USA) Inc.,* 65 R. I. 275, and the price of merchandise sold, *Lewis Mears Co.* v. *Norfolk County Creamery,* 48 R. I. 221. This exception is overruled.

The defendant's second exception is to the denial by the trial justice of what was in effect a motion made by defendant to reopen the case for the purpose of permitting him to put in evidence his canceled check payable to plaintiff. The language of defendant in requesting a reopening of the trial was ambiguous, but it is clear from the record that it was intended as a motion to reopen and that the trial justice in denying it treated it as such. In the circumstances in passing on the merits of the exception we shall likewise treat it as such a motion.

■ The law in this jurisdiction on motions to reopen a case after the testimony is closed is well settled. Such motions are addressed to the discretion of the trial justice, and his action thereon will not be disturbed by this court in the absence of a showing that he abused his discretion. *Levy v. Equitable Fire & Marine Insurance Co.*, 88 R. I. 252, 146 A.2d 231. However, it is our opinion that it is unnecessary to pass upon the question of an abuse of discretion in the circumstances here, since the record shows that if the ruling was error defendant was not prejudiced thereby.

■ We take this position because it is clear from the record that, despite his denial of the motion to reopen, the trial justice in the course of deciding the case took into consideration the check which defendant sought to introduce. He evaluated the weight that should be given to it as evidence and found it without probative value upon the question of the amount due plaintiff from defendant. Concerning it he said in part, "Now counsel for the defendant wishes to reopen the case to show a payment had been made towards that item. Even taking the check as it appeared before the court dated 4/19/54, it merely shows a payment of $189.32. There is no endorsement on the back that it is paid in regard to any particular item. There are several items on the side which are not binding upon the plaintiff. The defendant has had his day in court." We cannot escape the conclusion that the trial justice had the check in question before him, that he passed upon its probative value, and that if there were any error in the denial of the motion to reopen for the purpose of putting the check in evidence defendant was not prejudiced thereby. The second exception is overruled.

There remains the exception to the decision. The defendant argues, first, that the trial justice misconceived the law relative to the burden of proof in that he required defendant to disprove plaintiff's claim. His contention, as we understand it, is that the trial justice, in continuing the

case for the presentation of evidence from defendant's records which would sustain his contention that he did not pay the freight charges on April 9, in effect shifted the burden of proof to defendant.

We do not agree with this contention. In our opinion it is clear that the trial justice was of the opinion that plaintiff had made a prima facie case which, standing unimpeached and uncontradicted, would warrant a decision for plaintiff, and that the burden of going ahead with evidence on the issue was on defendant. In an obvious effort to do substantial justice between the parties he continued the case in order to permit defendant an opportunity to adduce such evidence.

It is well settled that the burden of going ahead with evidence on disputed issues may pass from party to party, while the burden of proof as such remains with the plaintiff. The principle is aptly stated in *Town of Manchester* v. *Town of Townshend,* 110 Vt. 136, where the court said at page 143, "While the burden of the evidence, or of going forward with the evidence, may pass from one party to the other as a case progresses, yet the 'burden of proof,' meaning the obligation to establish the truth of the claim upon which the plaintiff rests his case, is upon him throughout." See *Rivard* v. *Plante,* 80 R. I. 312. In our judgment the trial justice did nothing more than recognize that in the circumstances the burden of going ahead with the evidence had passed to the defendant and he did not misconceive the law with respect to the burden of proof resting on the plaintiff.

Neither can we agree that the decision is against the weight of the evidence. The testimony in this case was in sharp conflict upon the issue of delivery of the merchandise for which payment is sought. It is our opinion, therefore, that the case is governed by our well-settled rule that where the parties submit their case on the facts to a trial justice sitting without a jury, his decision is entitled to great

weight and will not be set aside unless it is clearly wrong or fails to do substantial justice between the parties. *Head v. Quigley*, 87 R. I. 66, 138 A.2d 322. We have examined the transcript on this issue and are unable to say that the trial justice, who saw and heard the witnesses, an advantage which we do not have, was clearly wrong in deciding that the disputed delivery of the goods was in fact made.

All of the defendant's exceptions are overruled, and the case is remitted to the superior court for entry of judgment on the decision.

*Zietz & Sonkin, James Radin,* for plaintiff.

*Isadore S. Horenstein,* for defendant.