LOUIS BERKOWITZ *vs.* LOUISE A. SIMONE

NOVEMBER 14, 1963.

PRESENT: Condon, C. J., Roberts, Powers and Joslin, JJ.

JOSLIN, J.   This is an action of trespass on the case to recover consequential damages for the negligence of the defendant in keeping a vicious dog which bit the plaintiff's three-year-old daughter.   At the conclusion of the evidence the trial justice denied the defendant's motion for a directed verdict and thereafter the jury returned a verdict for the plaintiff in the sum of $301.20.   The case is here on the defendant's bill of exceptions to the denial of her motions for a directed verdict and a new trial, to certain portions of the charge, and to certain evidentiary and other rulings of the trial justice.

This case was tried together with that of plaintiff's daughter Carmen, the latter being hereinafter referred to as the "companion case."   After a verdict for the daughter in the companion case defendant prosecuted her bill of exceptions therein to this court.   We overruled all of her exceptions, denied her motion for a reargument and remitted the case to the superior court for entry of judgment on the verdict. See *Berkowitz* v. *Simone*, 96 R. I. 11, 188 A.2d 665, to which reference is made for a comprehensive discussion of the factual aspects of the instant case.

Where a principal and a derivative suit have been tried together before a jury in the superior court, the preferred and customary practice absent unusual circumstances is for

bills of exceptions in both cases to be argued in this court at the same time. No such unusual circumstance warranting separate prosecutions of bills of exceptions in this and the companion case have been called to our attention nor from our examination of the record herein have we found any. Separate presentation of two such cases before us is wasteful of the court's time, unduly impinges on the time of members of the bar, and we do not look with favor upon such a practice.

The defendant's exceptions numbered 1 and 2 have been waived by her. Her exceptions numbered 3, 4, 9, 10, 11 and 12 are either identical or substantially similar to the exceptions filed by her in the companion case and are overruled for the reasons therein set forth.

Under exception numbered 5 defendant contends that the trial justice committed prejudicial error in overruling her objection to the admission in evidence of "Dr. Sexton's 'impression' in plaintiff's exhibit number 3." Such exhibit is a bill of Dr. Richard P. Sexton in the amount of $85 and contains nothing as to any "impression." There was also read to the jury pursuant to the pre-trial order, a report of Dr. Sexton in which reference is made to his "Impression."

We are unable to determine from our examination of this exception whether it goes to exhibit number 3 or to the statement of Dr. Sexton. A party prosecuting a bill of exceptions to this court is required to state separately and clearly the exceptions relied upon. G. L. 1956, §9-24-17 (*Second*). Exception numbered 5 does not meet the statutory test. For this reason as well as for those alluded to in our treatment of her exception to the denial by the trial justice of her motion for a new trial, exception numbered 5 is overruled.

The defendant's exception numbered 7 is to the ruling of the trial justice permitting plaintiff to reopen his case after argument of counsel in order to allow the presentation of evidence indicating that he was Carmen's father. Subse-

8

quent to the granting of this motion defendant moved the court to vacate its prior denial of her motion for a direction and to grant her motion for a directed verdict. The defendant's exception to the denial of the latter motion forms the basis of her exception numbered 8. A motion to reopen a case after the testimony is closed and after arguments of counsel are completed is addressed to the judicial discretion of the trial justice and absent an abuse thereof his action thereon will not be disturbed by us. *Douglas Furniture Corp.* v. *Ehrlich*, 91 R. I. 7; *Levy* v. *Equitable Fire & Marine Ins. Co.*, 88 R. I. 252; *Greene* v. *Rhode Island Co.*, 38 R. I. 17; *Lake* v. *Weaver*, 20 R. I. 46; *Case* v. *Dodge*, 18 R. I. 661.

We find no clear showing of an abuse of discretion or improper exercise thereof in allowing plaintiff to reopen his case in order to remedy what was no more than a technical defect in the state of the evidence. Exception numbered 7 is therefore overruled. It necessarily follows that our conclusion is the same as to exception numbered 8.

The defendant also contends that the trial justice committed error in denying her motion for a directed verdict. Any technical deficiency in the evidence which might have required that a verdict be directed in defendant's favor was remedied by the evidence presented after the case had been reopened on plaintiff's motion. For the reasons given in the companion case as well as for those herein stated, defendent takes nothing by this exception and exception 6 is overruled.

We will now consider defendant's exception numbered 13 to the denial of her motion for a new trial. Insofar as such motion was denied on the ground that the verdict was against the law, the evidence and the weight thereof, our decision in the companion case is dispositive of her contentions.

The defendant further argues, however, that the damages awarded by the jury "were not properly proven." She does

not, as we understand it, contend that the trial justice failed to perform the duty imposed on him in denying her motion for a new trial on the ground that the damages were excessive, or that in doing so he applied the incorrect rule. The thrust of her contention is that there was no evidence before the jury upon which it could make any finding of damages in plaintiff's favor. In such posture, the nub of her objection appears to be that the trial justice misconceived the evidence, thereby depriving his decision of the weight it normally has before us. Better practice demands that litigants clearly indicate the theory upon which they proceed and not leave it to speculation on our part.

In support of this contention the defendant argues, first, that evidence is lacking as to the fairness and reasonableness of both past and anticipated future medical expenses and, second, that there was no evidence that plaintiff intended to make any future expenditures in order to remedy the disfigurement of his daughter resulting from the dog bite.

The evidence on damages consists of bills of the Rhode Island Hospital and the attending physician in the respective amounts of $6.20 and $85. In addition there was evidence that medical bills of approximately $210 to $225 would be required for necessary revision of the scars on Carmen's face.

The bills of the hospital and the attending physician were admitted by agreement of both parties at the pre-trial conference and there is nothing in the record either of the pre-trial conference or of the subsequent course of the proceedings which indicates that defendant took any action whatsoever to limit or qualify the effect of such exhibits. The defendant now, when the case is before us, contends for the first time that such exhibits should not have been submitted to the jury for their consideration absent a showing as to the fairness and reasonableness of the charges disclosed therein.

10

By Rule No. 18 of 1957 Rules of Practice and Orders of the Superior Court it is provided that the pre-trial order shall control the subsequent course of an action or proceeding unless modified at the trial to prevent a manifest injustice. That rule properly construed presupposes that a medical or hospital bill, admitted without objection or qualifying limitation at a pre-trial conference in order to "avoid unnecessary proof and unnecessary expense" and not thereafter modified during trial, is available for consideration by the jury to indicate not only the amount but also the fairness and reasonableness of the charges evidenced therein.

Stated otherwise, if defendant's contention has any merit it should have been urged at the pre-trial conference or during the trial if at that time thought necessary in order to prevent a manifest injustice. By failing to follow either of such procedures, she is now precluded from asserting that these bills should have been withdrawn from consideration by the jury because of a lack of testimony as to their fairness and reasonableness.

It is the further contention of defendant that, absent evidence that Carmen intended to undergo medical treatment for revision of the disfigurement resulting from the bite, the jury was not warranted in considering revision costs as an element of damages.

The trial justice charged the jury that if they found for plaintiff they could include as damages the necessary medical and hospitalization expenses which with reasonable certainty might be necessary to correct the disfigurement arising from the accident. The defendant took no exception to such portion of the charge and it therefore became the law of the case. *Senn* v. *Kogut,* 79 R. I. 429, 436; *Hayman* v. *Union Corp.,* 66 R. I. 11, 21. We, therefore, are not required to determine whether the charge correctly stated the rule applicable in such cases as set forth in *Reid* v. *Hassenfeld,* 85 R. I. 340, 345, and *Noel* v. *Berard,* 57 R. I. 463, 466.

She cannot now complain that the jury included in its verdict damages for anticipated costs of a revision of the suffered disfigurement.

The defendant's contention that plaintiff made no claim for disfigurement is self-defeating. The only claim made by plaintiff was for medical expenses anticipated for revision of the disfigurement, and not for the scarring.

For the reasons stated, the defendant's exception 13 to the denial of her motion for a new trial on the ground that the verdict was excessive is overruled.

All of the defendant's exceptions are overruled, and the case is remitted to the superior court for entry of judgment on the verdict.

*Kirshenbaum & Kirshenbaum, William Young Chaika,* for plaintiff.

*Pontarelli & Berberian, Aram K. Berberian,* for defendant.