Joseph D. Accardi *vs.* Mary Accardi.

FEBRUARY 25, 1964.

PRESENT: Condon, C. J., Roberts, Powers and Joslin, JJ.

CONDON, C. J.  This is a petition for certiorari to review the action of the family court in entering an interlocutory decree in a divorce proceeding commenced against the petitioner as a nonresident by substituted service.  We issued the writ, and the family court in compliance therewith has made due return of all its records and papers pertaining to such proceeding.

It appears from the return that petitioner's wife filed on May 28, 1963 a petition for divorce from bed and board together with a motion for temporary allowance, witness and counsel fees, exclusive use of the household furnishings and exclusive occupancy of their marriage domicile in Bristol, Rhode Island.  The petition alleged that respondent husband was residing in San Francisco, California.  On June 5, 1963 a citation of the divorce petition and the motion for allowance was served on the husband in that city.  On June 13, 1963 he entered an appearance by attorney in the family court "specially for the sole purpose of contesting the jurisdiction of the Court."

At a hearing on the motion on June 21, 1963, the attorney contended that the family court was without jurisdiction over the husband since he had not been personally served in Rhode Island.  He also argued that the citation upon the husband was not effective process to subject his property in Rhode Island to the orders of the family court, since nowhere in the wife's pleadings does she describe the specific property out of which the allowance prayed for is to be made.  The trial justice rejected these contentions and then asked the attorney if he was going to enter an appearance.  He replied that he was not and thereupon withdrew from any participation in further proceedings.

Thereafter the wife moved orally to amend her petition to include a prayer for an order restraining her husband

from alienating his property in this state. Without notice thereof to the husband the trial justice granted the motion, and then pursuant to the amended petition and the motion for allowance, etc., entered the following decree complained of in the instant proceeding:

"This matter came on for hearing before Mr. Justice Doris on oral argument of the respondent's attorney, Pasquale T. Annarummo, Esquire, who entered his appearance 'for the defendant specially for the sole purpose of contesting the jurisdiction of the Court' and upon the oral motion of the petitioner to amend her motion for temporary allowances to include a prayer for preliminary injunction, enjoining the respondent from selling, conveying, mortgaging, transferring, or otherwise encumbering real estate owned by the petitioner and the respondent, located in the Town of Bristol, State of Rhode Island, and upon the petitioner's oral motion for a prayer to sell certain personal property located in Rhode Island and jointly owned by the respondent and the petitioner herein. And, after argument by the respondent's counsel relating to the Court's power to grant relief under the prayers for the temporary orders for support pending a hearing on the merits, there being no argument raised by the respondent affecting the Court's jurisdiction of the petitioner, nor of the subject matter of the original petition for a bed and board divorce, and after the taking of testimony and in consideration thereof, it is hereby

"Ordered, Adjudged and Decreed:

"1. The Court does have jurisdiction of the within petition for a bed and board divorce.

"2. The respondent is enjoined until further order of this Court from selling, conveying, transferring, mortgaging or otherwise encumbering real estate owned by him in the Town of Bristol, County of Bristol, State of Rhode Island.

"3. The respondent is ordered to pay the sum of $50.00 weekly for the support of the petitioner.

"4. The respondent is further ordered to pay the sum of $200.00 as a counsel fee to Thomas H. Needham, Esquire.

"5. The petitioner is awarded the exclusive use, occupancy and/or control of the marital domicile at 1266 Hope Street, Bristol, Rhode Island.

"6. The prayer for leave to sell personal property owned jointly by the petitioner and the respondent is left open.

"Entered as a Decree of this Court this 21 day of June, A. D. 1963."

The husband argues that paragraphs 2, 3, and 4 amount to a judgment in personam and could not be validly entered against him unless the court acquired jurisdiction over him personally. This, he argues, the court did not acquire since he was not served with its process within the state nor did he voluntarily appear in person or by attorney and subject himself to its jurisdiction. He insists that the appearance of his attorney and his conduct at the hearing on the motion for allowance, etc. cannot be lawfully construed as a general appearance. And he further insists that such conduct cannot be reasonably interpreted as a waiver of his formal entry of special appearance for the sole purpose of attacking the court's jurisdiction.

The wife contends that by orally arguing in the interlocutory proceeding the husband submitted himself to the jurisdiction of the court notwithstanding his formal entry of special appearance. In support of this position she points out that in his participation in that proceeding he did not address himself to the question whether the court had jurisdiction in the premises but rather merely to defects in the court's process. In her brief she states her position thus: "if the respondent in the divorce action 'mensa et thoro' under the guise of a special appearance participates (and oral argument constitutes participation) in ancillary proceedings, * * * such participation constitutes a waiver of the special appearance and submits the respondent to the jurisdiction of the Court." And she further argues therein: "It little avails the respondent-petitioner to plead that his legal argument before the Family Court concerning in

personam jurisdiction was valid. It matters not whether or not it was a valid argument or an invalid argument. It constitutes participation in the proceedings which render him subject to the Court's general jurisdiction."

She cites no authority to support her position and we are not aware that this court has ever heretofore adopted that view. On the contrary in *Bridges* v. *Bridges,* 46 R. I. 191, we rejected a similar contention. The petitioner in that case contended that the special appearance of the attorneys for the respondent in several matters amounted to a general appearance and gave the court jurisdiction to award alimony against him. The appearance in the several matters therein referred to did not, we said, amount to a waiver of the respondent's formal special appearance by attorneys to question the court's jurisdiction over him personally in the absence of service of process upon him within the state.

In the instant case we are of the opinion that the husband's appearance in the interlocutory proceeding to argue orally that the court lacked jurisdiction over him did not amount to a waiver of his formal entry of special appearance. The fact that the hearing on the motion for allowance, etc. was an ancillary or auxiliary proceeding to the main proceeding for divorce did not militate against the right of the husband to appear specially therein to contest the court's jurisdiction over him personally. In thus appearing he was not asking for relief from the court or in any way invoking its jurisdiction to aid him. Rather he was there solely to protest any attempt to exercise jurisdiction over him. In some states a respondent by specially appearing in alimony proceedings submits himself to the court's jurisdiction although the divorce suit was commenced only by substituted service, but this court has refused to adopt that view. See *Bridges* v. *Bridges, supra,* 195.

It is generally held that a decree or order for alimony or temporary allowance against a nonresident is void if the court had not acquired jurisdiction over him by process served within the state or by his voluntary appearance. *McSherry* v. *McSherry*, 113 Md. 395; *McGuinness* v. *McGuinness*, 72 N.J.Eq. 381; *Pennoyer* v. *Neff*, 95 U. S. 714; *Armstrong* v. *Armstrong*, 350 U. S. 568. And his special appearance by attorney to raise the question of the lack of such jurisdiction is not tantamount to a voluntary appearance resulting in submission to the court's jurisdiction. *Masure* v. *Masure*, 171 Ill. App. 438; *McGuinness* v. *McGuinness, supra; Patton* v. *Eicher*, 85 W. Va. 465; *Harkness* v. *Hyde*, 98 U. S. 476; Keezer, Marriage & Divorce (2d ed. 1923) §679, p. 501.

However, the wife finally contends that since the husband owned property within the state and that he had been notified by the citation that she was praying for an allowance out of it pursuant to G. L. 1956, §15-5-9, the court by virtue of the substituted service acquired jurisdiction to decree an allowance to be satisfied solely by such property without personal service upon the husband. There is no merit in this contention. The mere reference to property generally in a petition for divorce from bed and board is not equivalent to an attachment of such property so as to make the motion for allowance in the nature of a proceeding in rem. The husband quite correctly points out that the language of §15-5-9 does not create a charge upon the estate or property of the husband. *Petition of Lawton*, 12 R. I. 210; *Tierney* v. *Tierney*, 50 R. I. 105.

We are therefore of the opinion that the family court did not have jurisdiction to bind the husband by paragraphs 2, 3 and 4 of its decree or to subject his property thereto. To such extent the decree is null and void and must be quashed.

The petition for certiorari is granted, the portions of the decree above-referred to are hereby quashed, and the rec-

ords and papers certified by the family court pursuant to our writ are ordered sent back to that court with our decision endorsed thereon.

*Pasquale T. Annarummo,* for petitioner.

*Thomas H. Needham,* for respondent.