275 A.2d 266.

LABER RUSSO *vs.* G. W. GOODEN, INC.

APRIL 2, 1971.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

Powers, J. These are two civil actions for negligence arising out of the explosion of a boiler-type furnace in the basement of a house owned by the plaintiffs, Fraieli, who are husband and wife, and occupied by the plaintiff, Russo. The explosion occurred on or about April 8, 1963, and plaintiff, Russo, commenced an action by a writ of summons on July 28, 1964, for personal injuries. The Fraielis commenced a similar action for property damage by a writ of summons on August 13, 1964.

Both Russo and the Fraielis filed amended declarations which contained two identical counts. These are: first, that defendant's agent and servant negligently opened a valve on the oil burner which permitted cold water to enter the boiler causing the explosion; and second, that while defendant corporation was in exclusive control of the boiler, negligence of the agent or servant, in a manner

unknown to plaintiffs, caused the explosion which resulted in the damages for which they sued.[1]

These cases were consolidated for trial to a Superior Court justice and a jury. After all parties had rested, defendant corporation moved for a directed verdict on each count. The trial justice granted the motion on the first count but under Super. R. Civ. P. 50(b) reserved decision as to defendant's motion on the second count.[2]

: The cases were submitted to the jury on plaintiffs' theory of exclusive control and they returned verdicts for defendant in both cases. The trial justice, pursuant to said Rule 50(b), thereupon granted defendant's motions for directed verdicts, theretofore reserved.

The plaintiff, Russo,[3] seasonably moved for a new trial and when this was denied appealed to this court from the judgment accordingly entered.

The appeal is predicated on three objections. These are: that the trial justice erred in granting defendant's motion for a directed verdict on the first count; that he likewise erred in granting defendant's motion for a directed verdict on the second count; and lastly that the trial justice abused his discretion in denying plaintiff's motion to reopen the case after all parties had rested.

---

[1] Although the instant actions were commenced prior to January 10, 1966, the date on which the current Superior Court Rules of Civil Procedure became effective, and the pleadings reflect the old practice, the cases were not reached for trial until March 29, 1968. Consequently they were tried pursuant to the practice prevailing since the adoption of the new rules. See *Bragg* v. *Warwick Shoppers World, Inc.*, 102 R. I. 8, 227 A.2d 582.

[2] For an illustrative discussion as to the scope and purpose of this rule in situations similar to the case at bar, see 1 Kent, *R. I. Civ. Prac.* §50.3.

[3] It is not readily determinable from the record whether plaintiffs, Fraieli, also moved for a new trial. However, in any event, they did not press an appeal to this court and the question of whether they also sought a new trial is academic. So also, for that matter, is that of appellant, Russo, since he makes no issue of the denial of his new trial motion.

The plaintiff acknowledges that where there is no evidence or reasonable inference to be drawn therefrom on which the jury could find for the litigant against whom the motion is made, the trial justice should properly take the case from the jury and direct a verdict for the movant. Here, however, plaintiff argues, there was evidence from which the jury could have drawn a reasonable inference that defendant's agent or servant opened a valve which let cold water into the boiler and caused the explosion.

The uncontradicted evidence establishes that on the day in question, an oil leak developed in the furnace of plaintiff's home and defendant corporation, whose business it was to service the boiler, sent a repairman to correct the situation. It also establishes that when the repairman arrived, he removed the back of the furnace, located the source of the leak, and pinched it off. Nevertheless the fire continued to burn and shortly thereafter the explosion occurred.

In contending that there was evidence for the jury to consider on the question of the repairman Singster opening a valve, plaintiff relies on his own testimony which is as follows:

> "Q. Now we have Mr. Singster in the cellar about fifteen minutes. What happened next?
>
> "A. He walked near the side of the boiler and he said he had to release the pressure on the boiler. He reached in the air to touch a valve or a handle or something and that was it."
>
> \* \* \*
>
> "Q. Do you know whether or not Mr. Singster actually touched a valve? Do you know whether or not Mr. Singster actually touched the valve?
>
> "A. Well, he went right near the boiler.
>
> "Mr. Kiernan: I think that calls for a yes or no answer.
>
> "The Court: Do you know or don't you?

"The Witness: Yes, I would say he touched something.

"Mr. Kiernan: I move it be stricken.

"The Court: Strike it. Read the question to the witness.

"(The reporter read question 128 to the witness.)"

Later in cross-examination plaintiff was asked:

"Q. And he was reaching up. Do you remember now what he was reaching up for?

"A. He touched something—a valve or handle or something — he touched something. Just as he did that, that's when I seen this big thing come at me."

From the foregoing, plaintiff argues, the jury could have reasonably inferred that it was the opening of a valve by Singster which caused the explosion, and further that opening the valve was negligence. We think it clear that plaintiff is attempting to equate inference with conjecture. Indeed, it is clear from his own testimony, the only evidence relating to Singster and the opening of a valve, which supposedly let in cold water and caused the explosion, that plaintiff simply assumed that to have happened which he now argues the jury could have found as a fact. See *Waldman* v. *Shipyard Marina, Inc.*, 102 R. I. 366, 230 A.2d 841.

Consequently, there being nothing but speculation for the jury on the question of Singster negligently opening a valve as alleged in plaintiff's complaint, the trial justice correctly granted defendant's motion for a directed verdict. *Sarcione* v. *Outlet Co.*, 53 R. I. 76, 163 A. 741 and *Andoscia* v. *Coady*, 99 R. I. 731, 210 A.2d 581.

The plaintiff's second contention in support of his appeal is completely unavailing. This is so because the effect of the trial justice's granting defendant's motion for a directed verdict on the issue of exclusive control was to agree

with the jury's verdict. The plaintiff's objection to such direction can only be predicated on the proposition that it was erroneous in that there was evidence from which the jury could have found for him. Ordinarily, an appeal from a trial justice's granting of a motion for a directed verdict raises the question in this court of whether the record discloses any evidence on which a jury might have returned a verdict for the appealing party. If such evidence is found, the appellant is entitled to a new trial in which he will have the benefit of a jury's deliberation. In the instant case, however, the trial justice submitted the case to the jury and it found for defendant. Stated otherwise, plaintiff at bar has had his day in court and his objection to the granting of defendant's motion for a directed verdict does not raise any question regarding the jury's verdict.

This brings us then to plaintiff's final contention, namely that the trial justice abused his discretion in refusing to reopen the case and permit plaintiff to call an expert witness. An examination of the record discloses that this request was made after the trial justice had granted defendant's motion for a directed verdict on the first count and a few moments before the time assigned for summation to the jury. It further discloses that at the pretrial conference no mention was made by plaintiff of an intention to call an expert, and that throughout the three days of trial plaintiff had not so much as indicated to the trial justice that an expert he had planned to call was ill and that he was searching for a substitute.

In denying plaintiff's motion to reopen, the trial justice reviewed all the circumstances, noted that plaintiff's motion came as an unnecessarily complete surprise and concluded that, on balance, to deny the motion would best serve the ends of justice.

It is well established in this jurisdiction that a motion

to reopen is within the sound discretion of the trial justice and that his decision thereon will not be disturbed by this court, unless clearly an abuse of such discretion. *Berkowitz* v. *Simone*, 97 R. I. 5, 195 A.2d 59; *Douglas Furniture Corp.* v. *Ehrlich*, 91 R. I. 7, 160 A.2d 362 and *Levy* v. *Equitable Fire & Marine Ins. Co.*, 88 R. I. 252, 146 A.2d 231.

Applying the holding of the cited cases to the circumstances of the instant case, as disclosed by the record, we cannot say that the denial of plaintiff's motion warrants remitting the case for a new trial. We note parenthetically that, as observed by the trial justice, the offer of proof made in connection with the decision denying reopening establishes that the expert proposed to be called would have testified to a theory of negligence other than the two counts on which, at the pretrial conference, plaintiff had agreed the case would be tried.

The plaintiff's appeal is denied and dismissed; the judgment appealed from is affirmed for entry of judgment on the jury's verdict.

*Joseph E. Marran, Jr.*, for plaintiff.

*Keenan, Rice, Dolan & Reardon, Leonard A. Kiernan, Jr.*, for defendant.