281 A.2d 295.

CATHERINE I. BATON *vs.* HAROLD W. BATON.

SEPTEMBER 22, 1971.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

ROBERTS, C. J. This petition for certiorari was brought to review the action of a justice of the Family Court in denying the respondent's motion to vacate an interlocutory decree of divorce entered on February 18, 1970. The respondent has also prosecuted an appeal to this court from that decision, and the appeal has been consolidated with the petition for certiorari for hearing.

It appears from the record that Catherine I. Baton, hereinafter referred to as the petitioner wife, filed a petition for absolute divorce from her husband on February 14, 1969. Citations on that petition and on a motion for custody, support, and counsel fees were served on the husband, Harold W. Baton, on February 18, 1969. The husband did not appear or enter any appearance either himself or by an attorney, and on February 24, 1969, the motion for cus-

tody, support, and counsel fees was heard. The husband was ordered to pay $45 weekly for support and counsel fee of $150.

Subsequently, petitioner wife's petition for divorce appeared on the Family Court calendar for May 5, 1969, and was continued to May 12, 1969, for hearing. There are in evidence exhibits purporting to be copies of letters written by counsel for petitioner wife to the husband dated February 26, 1969, and March 26, 1969, which refer to the order for support entered by the Family Court on February 26, 1969. There is also in evidence an exhibit purporting to be a copy of a letter dated May 9, 1969, in which counsel for petitioner wife informed the husband that the divorce case "will come up on Monday, May 12, 1969."

However, nothing in the record discloses that any action was taken with respect to this divorce petition on May 12, 1969, or that it was continued to another date. Neither does the case appear on Family Court calendars for a period of about nine months, until, apparently at the request of petitioner wife's counsel, it was placed on the calendar for hearing on February 17, 1970.

It does not appear to be disputed that respondent husband was given no formal or actual notification by petitioner wife that the case was on the calendar for February 17, 1970. Neither does it appear from the record that any motion to assign the case to the calendar for hearing was filed in accordance with the pertinent provisions of Family Court Rule 19. Rule 19 governs practice in the Family Court in the counties of Kent, Newport, and Washington.

Rule 19(d) provides, in pertinent part, that "All other motions in said Counties shall be in writing and, except ex parte motions and motions to assign * * * shall be filed at least three (3) days, exclusive of Saturdays, Sundays and Holidays, before being in order for hearing." Rule 19(e) provides specifically with reference to motions to

assign among the others excepted from Rule 19(d): "* * * shall be filed and notice given at least five (5) days, exclusive of Saturdays, Sundays and legal Holidays, before being in order for hearing. Such motions shall be deemed to be granted as a matter of course and shall not be placed upon a calendar on motion day unless objection in writing is filed by the opposing party and notice thereof in writing given to the party making the motion more than two (2) days, exclusive of Saturdays, Sundays and legal Holidays, before it is in order for hearing."

We are constrained to conclude, then, from an examination of the record that there had been no compliance with the pertinent provisions of Rule 19 governing the filing of motions to assign cases to the calendar for hearing requiring the giving of notice to the adversary party of the filing of such motions in time to make proper objection under Rule 19(e): It does appear from the record that respondent husband did not appear, either in person or by counsel, on February 17, and the case was heard by a justice of the Family Court and a decision granting the divorce on the ground of extreme cruelty was given the petitioning wife, and on February 18 an interlocutory decree of divorce was entered.

Sometime thereafter the husband became aware that his wife's petition for divorce had been granted on the ground of extreme cruelty and that an interlocutory decree had been entered on February 18. On June 24, 1970, respondent husband through counsel entered his appearance and filed a motion to vacate the interlocutory decree of February 18. On June 26 objection was made to the motion to vacate along with petitioner wife's motion to adjudge the husband in contempt. The motion to vacate and the motion to adjudge in contempt were heard together by a justice of the Family Court, who denied the motion to va-

cate the interlocutory decree and granted in part the motion to adjudge in contempt.

The state of the record in this case discloses clearly that petitioner wife had failed to comply with the requirement of Rule 19(e) that motions to assign made in Washington county must be in writing and give notice thereof to the adversary party within the prescribed period. Ordinarily we would agree with respondent husband that this failure to comply with the pertinent provisions of Rule 19(e) would render the denial by the trial justice of the motion to vacate the interlocutory decree an abuse of sound judicial discretion. However, petitioner wife argues that, this case being in the status of an unanswered case at the time her petition was heard and the interlocutory decree entered, respondent husband was not entitled to such notice and that the action of the Family Court in refusing to vacate the interlocutory decree for want of such notice does not constitute an abuse of sound judicial discretion.

As we understand her, petitioner wife argues that the failure of respondent husband to have answered the case prior to the hearing thereon and entry of the interlocutory decree in effect constituted a waiver of the notice required under Rule 19(e). In such circumstances, she contends, it was not an abuse of the court's discretion to deny the motion to vacate despite the failure of petitioner wife to comply with the notice requirements of Rule 19(e). We recognize that Rule 19(e), in requiring the filing of motions to assign in writing, tends to promote the orderly conduct of the business of the Family Court as well as to provide the adversary party with notice consistent with the due process concept.

However, in *Carvalho* v. *Carvalho*, 97 R. I. 132, 196 A.2d 164, we made it clear that a petition to vacate a decision granting an absolute divorce in an uncontested case is addressed to the sound judicial discretion of the trial justice.

We went on, however, to indicate that such discretion should not necessarily be exercised adversely to a petitioner because of a failure to show in support of such motion action that might reasonably be required in cases where the decision had become final by the entry of a final decree after the expiration of a period of six months.

In the instant case respondent husband in his motion alleged a meritorious defense to the petition, that being the defense of condonation, but from our examination of the record he did not assert in specific terms that his failure to answer the cause resulted from accident or mistake. From the record it appears that citations were properly served on the husband and that he had been informed by counsel for petitioner wife that the petition was to be prosecuted on May 12, 1969, and in the face of the information thus obtained he failed to answer the case either pro se or through counsel.

However, we consider significant the fact that the parties did resume marital relations during a period of several months prior to the entry of the interlocutory decree on February 18, 1970. That being so, the question is whether respondent husband's failure during the period of such resumption of marital relations to answer the pending case would justify relief from the judgment. General Laws 1956 (1969 Reenactment) §9-21-2.

As we have already noted, the record does not disclose that the respondent husband was given notice of any kind that the case had been assigned for hearing on February 17, 1970. At best he was unaware of such hearing until his wife told him that one had been held and that her petition for divorce had been granted. Conceding that in the circumstances the trial justice was confronted with a difficult decision, we are nevertheless constrained to conclude that the resumption of the marital relationship during a period of several months prior to the hearing on

February 17 warrants our concluding that this constitutes a justifiable reason to relieve the husband from the operation of the judgment. Therefore, to be consistent with the view we took in *Carvalho, supra,* we conclude that the court should have granted the motion to vacate the interlocutory decree and given the respondent husband an opportunity to raise the defense of condonation at a new hearing.

The petition for certiorari is granted, the decision of the Family Court denying the respondent husband's motion to vacate the interlocutory decree is quashed, and the case is ordered sent back to the Family Court for further proceedings in accordance with this opinion; the appeal of the respondent husband is denied pro forma.

*Cappuccio & Cappuccio, Frank S. Cappuccio, Louis B. Cappuccio,* for petitioner.

*Smith & Smith, Z. Hershel Smith, Edward M. Botelle,* for respondent.