288 A.2d 711.

BARBARA M. BERBERIAN *vs.* ARAM K. BERBERIAN.

MARCH 23, 1972.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PER CURIAM. This proceeding arises as a result of a petition for a divorce from bed and board filed by the petitioner. *See Berberian* v. *Berberian,* 109 R. I. 273, 284 A.2d 72 (1971). The case is before us on the respondent's appeal from an interlocutory decree entered by the Family Court granting the petitioner's motion for a counsel fee.

The respondent challenges the legality of the decree on several grounds. However, he has chosen the wrong vehicle in seeking review by this court of the Family Court's decree and, consequently, the case is not properly here. It is the settled law in this state that an appeal will not lie from an interlocutory decree of the Family Court granting the motion of a petitioner in a divorce case for counsel fees pending a hearing on the merits of such petition. *Smith* v. *Smith,* 88 R. I. 17, 143 A.2d 809 (1958); *Simeone* v. *Simeone,* 80 R. I. 210, 94 A.2d 823 (1953); *Rosenfeld* v. *Rosenfeld,* 51 R. I. 381, 155 A. 244 (1931). As the court stated in *Smith* v. *Smith, supra,* the proper way to seek appellate review of a decree awarding counsel fees pending a hearing on the merits of a petition for divorce is by certiorari.

In the case at bar petitioner raised the issue of the nonavailability of an appeal, in a case such as this, in her brief. While we do not fault her for so doing, the better practice, where the error is so obvious, is the filing of a motion to dismiss at the earliest stage of the proceedings. This would

expedite the disposition of cases and thus better serve the administration of justice. For these reasons we suggest that counsel make use of a motion to dismiss where it is called for.

The appeal of the respondent is denied and dismissed and the cause is remanded to the Family Court for further proceedings.

*Leo M. Cooney*, for petitioner.

*Cohen, Chaika & Berberian*, for respondent.