379 A.2d 1094.

LORRAINE L. MEINHOLD *vs.* RICHARD J. MEINHOLD.

NOVEMBER 23, 1977.

PRESENT: Bevilacqua, C.J., Paolino, Joslin, Kelleher and Doris, JJ.

PAOLINO, J.   This petition for a writ of certiorari was brought by Richard Meinhold, the respondent in this divorce action. He seeks review of a Family Court judge's refusal to vacate a decree holding him in contempt for failing to comply with several temporary orders. We issued the writ, *Meinhold* v. *Meinhold*, 117 R.I. 926 364 A.2d 1297 (1976), and the records were duly certified.

The parties were married on August 7, 1971, in Newport, Rhode Island. The petitioner, Lorraine L. Meinhold, was a domiciled resident of Rhode Island then and she still is. The respondent, an officer in the United States Navy, was sta-

tioned in Newport at the time. He asserts that before being assigned to Newport he had been a domiciliary of Florida and that he never established domicile and residence in Rhode Island. The petitioner refutes this latter claim.

In August 1974, respondent was assigned to San Diego, California. He left Rhode Island for the west coast, returned here once for a 3-week visit with his wife around Christmas 1974 and left again. He has not since entered this state.

In October 1975 petitioner retained counsel in Rhode Island to begin divorce proceedings and to prepare a property settlement agreement. On December 5, however, before petitioner began those proceedings, respondent filed his own suit for divorce in San Diego, California. His wife was served in Newport and she responded by filing this divorce action in Newport County on December 19. She also filed motions for temporary support and other relief and for a restraining order preventing respondent from proceeding with his California action. The restraining order was granted and the entire matter was set down for a hearing.

That hearing was held on January 19, 1976. The respondent, who had been served in California, did not appear either generally or specially nor did any attorney appear on his behalf. The court heard testimony from petitioner and, based on that testimony, rendered a decision. It found that both parties were resident domiciliaries of Rhode Island when they married and that when respondent filed for divorce in California, he had not met the state's residency requirements for divorce. The court thus stated that respondent was perpetrating a fraud on the California courts and was evading the laws of Rhode Island.

The court further found that petitioner was suffering irreparable harm due to the expense of defending the California suit and due to respondent's decreasing her monthly military support allotment.

The petitioner's counsel was allowed to prepare an order incorporating these findings, but before that decree was entered, respondent engaged Rhode Island counsel who appeared specially on January 26 to block entry of the prepared decree. The respondent sought to reopen the January 19 hearing to permit him to contest the court's jurisdiction over his person. The court denied this request and entered its decree on January 29, effective as of January 19.

The decree awarded petitioner support of $687 per month, legal expenses, and use of the marital premises and it also ordered respondent to maintain life insurance and certain military benefits for petitioner and to refrain from alienating their property. The respondent did not comply with several of these orders. Instead, at various times during the following few months he sought unsuccessfully to persuade the Family Court to vacate its decree, to reopen the hearing on the question of his place of residence, and to grant a protective order allowing him to enter the state and testify regarding his residence without being subject to service of process.

During that same time, the Superior Court of California, County of San Diego, heard respondent's divorce action. According to respondent, petitioner appeared specially in that proceeding through California counsel and contested the jurisdiction of that court over the marriage of the parties. That court found that respondent, as he claimed, had been a resident of Florida before being assigned to Newport, that he had never established residence in Rhode Island, and that on or about January 2, 1975, he had established residence in San Diego County and had continued to maintain that residence. These findings were incorporated in an Interlocutory Judgment of Dissolution of Marriage entered on March 22, 1976, which ordered respondent to pay petitioner $250 support per month for 2 years or until she remarried. A final judgment was entered on June 18, 1976.

Despite the California decree, petitioner continued to press her claims in Rhode Island. The Family Court awarded her additional temporary relief and finally, on May 6, adjudged respondent to be in contempt for failing to comply with its decrees. The respondent moved to vacate this contempt decree as well as the original decree entered on January 29. This motion was denied in a decree entered on July 19 and on August 20 respondent filed the instant petition for certiorari.

I

Because of the unusual circumstances disclosed by the petition for certiorari and because of the basic jurisdictional conflict involved here, we concluded that this was a proper case in which to exercise our discretion to issue the writ of certiorari despite our persistent reluctance to review interlocutory orders to permit matters to be brought before us in piecemeal fashion. *Gilbert* v. *Travelers Indem. Co.*, 117 R.I. 515, 517-518, 368 A.2d 1236, 1237 (1977); *Borland* v. *Dunn*, 113 R.I. 337, 340, 321 A.2d 96, 98 (1974); *Rogers* v. *Rogers*, 98 R.I. 263, 265-67, 201 A.2d 142 (1964).

The petitioner argues, nevertheless, that certiorari should not be granted here as respondent has an adequate remedy by appeal for reviewing the Family Court's actions, We do not agree. We have stated in other cases that an appeal will not lie from interlocutory decrees in divorce actions, *Berberian* v. *Berberian*, 109 R.I. 273, 284 A.2d 72 (1971), and that the proper vehicle for reviewing such interlocutory decrees is by certiorari. *See Berberian* v. *Berberian*, 109 R.I. 603, 288 A.2d 711 (1972)(per curiam). This same rule applies in reviewing the denial of a motion to vacate an interlocutory divorce decree. *Baton* v. *Baton*, 109 R.I. 115, 281 A.2d 295 (1971).

The petitioner also argues that certiorari should be denied because of irregularities in the petition and because of respondent's delay in filing it. We find no merit in these contentions. The respondent has been actively seeking at the

trial level the same relief he seeks here for basically the same reasons. We thus believe petitioner was fairly apprised of the issues to be considered. Furthermore, the petition was filed 32 days after the denial of respondent's final motion to vacate, the one which is on review here. We cannot say that the delay in this case is such that it precludes the exercise of our discretion in granting certiorari. *Latham* v. *Department of Educ.*, 116 R.I. 245, 251, 355 A.2d 400, 403 (1976).

## II

The respondent argues that the Family Court's decrees were void because he was a nonresident of Rhode Island when served and was not subject to the jurisdiction of this state's courts. He contends that the proper administration of justice requires that the January hearing be reopened and that he be allowed to enter the state under a protective order to testify on the question of his place of residence in order to prove lack of jurisdiction. He also argues that the court's decrees should be vacated because when the court held its hearing in January 1976 it failed to follow the required procedures of Family Court Rule 34 and the federal Soldiers' and Sailors' Civil Relief Act of 1940, 50 U.S.C.A. app §420 (1968), and thus did not protect his rights as a member of the armed services. Finally he argues that the question of his residence has been litigated in California with both parties actively participating so that the findings of the California court are binding on our courts under the full faith and credit clause; U.S. Const. art. IV, §1.

As stated above, the decree of January 29, 1976, ordered respondent to provide petitioner temporary support, to reimburse her litigation expenses, and to take other actions for her benefit. The court had not acquired jurisdiction over him by process served within the state or by his voluntary general appearance. Thus, if respondent is correct in contending that he was a nonresident when the action commenced, this decree is void as are the others entered subsequently. *see Accardi* v. *Accardi*, 97 R.I. 336, 341, 197 A.2d 755, 758 (1964), and they are subject to attack by a

motion to vacate. *See Shannon* v. *Norman Block, Inc.,* 106 R.I. 124, 256 A.2d 214 (1969).

The respondent chose not to ignore the proceedings completely, however, but rather attempted, before the decree was actually entered, to resolve the issue of his residence by seeking to reopen the hearing.[1] Such a motion to reopen is a matter within the sound discretion of the trial justice. *Oury* v. *Annotti,* 113 R.I. 506, 512, 324 A.2d 325, 329 (1974); *Russo* v. *G.W. Gooden, Inc.,* 108 R.I. 356, 361-62, 275 A.2d 266, 270 (1971).

In this case we believe that the trial justice should have exercised his discretion and reopened the case. Because jurisdiction is the basis of a court's power to act, it was incumbent on the trial court to be certain that respondent, who had not been in Rhode Island for over a year, was in fact a resident of this state. Until his residence is adjudicated fully the decrees entered remain open to attack on jurisdictional grounds. *See Shannon* v. *Norman Block, Inc., supra.* Furthermore, judicial efficiency and fairness to the parties require that the court resolve this basic issue at the earliest possible opportunity rather than continue to enter decrees based on the original, possibly void, ex parte decree.

For these reasons we conclude that the trial justice abused his discretion in denying the motion to vacate and in refusing to allow respondent to present evidence regarding his residence.

---

[1] As counsel for the respondent suggested at oral argument, his client's failure to appear at the hearing may in fact have been caused by problems in obtaining legal advice in California and then retaining Rhode Island counsel in time for the hearing. There is no evidence in the record either sustaining or refuting this suggestion. The possibility of such a problem, however, underscores the importance of a court's insuring that litigants are not disadvantaged in protecting their rights by reason of their military service. *Cf. Stringfellow* v. *Whichelo,* 102 R.I. 426, 230 A.2d 858 (1967) (error for trial justice to deny the respondent's request for a stay and to grant a motion defaulting him without a finding that his ability to conduct his defense was not materially affected by his military service).

## III

Part of that evidence was to be testimony of respondent himself. He sought an order of the Family Court protecting him from service of process while he was here to testify, and he contends that the court erred in denying that request.

In our most recent case on the subject, we restated the Rhode Island rule that a nonresident litigant would not be immunized against service of process in another suit while present in this state attending court in connection with his litigation. *Rheaume* v. *Rheaume,* 107 R.I. 500, 507, 268 A.2d 437, 442 (1970). We noted, however, that in certain circumstances the proper administration of justice might require that a litigant who enters a special appearance and challenges the jurisdiction of a court in this state should be afforded immunity from process while here to testify in support of his challenge. *Id.*.

We believe the circumstances of this case which we have already detailed are such that the proper administration of justice requires a conclusive decision on the question of respondent's residence and that respondent's testimony would expedite the resolution of that question. We conclude then that it was also an abuse of discretion for the trial justice to deny respondent's request for a protective order.[2]

## IV

Although respondent originally sought to reopen the hearings and to enter this state under protective order to testify, he asserts that the jurisdictional issue of his residency

---

[2]We note also that the respondent here is seeking only a determination that Rhode Island courts do not have personal jurisdiction over him. Unlike the respondent in *Rheaume* v. *Rheaume,* 107 R.I. 500, 268 A.2d 437 (1970), he is not trying to use our courts to adjudicate his marital status while at the same time preventing his opponent from adjudicating her own claims regarding that status. Because of our disposition of this issue, however, we need not consider this broader question of whether *Rheaume* and its predecessors should be read as denying a litigant immunity from process when he enters this state solely to contest a court's jurisdiction over his person.

has now been adjudicated in the California divorce proceeding. He represents that petitioner participated in that proceeding, at least with regard to the question of jurisdiction, and the issue was fully litigated. He contends, then, that the California determination of his residency must be given full faith and credit here and that it determines the issue on which he sought a hearing.

There may well be merit in respondent's contention. *See e.g., Nevin* v. *Nevin,* 88 R.I. 426, 435-37, 149 A.2d 722, 726-27 (1959); *Ramsay* v. *Ramsay,* 79 R.I. 441, 445, 90 A.2d 433, 435 (1952); *Durfee* v. *Duke,* 375 U.S. 106, 111-14, 84 S. Ct. 242, 245-46, 11 L. Ed. 2d 186, 191-92 (1963); James, *Civil Procedure* §11.6 (1965.) The record, however, is insufficient for us to determine whether the circumstances behind the California decision were such that it should be accorded full faith and credit or that, if it should be, whether it is nonetheless subject to attack under California law. *Nevin* v. *Nevin, supra,* at 436-37, 149 A.2d at 727. We therefore leave these questions to be determined by the Family Court at the reopened hearing if respondent raises the issue and if petitioner attacks the California decision.

## V

In view of our decision on the other issues, it is unnecessary for us to consider the respondent's arguments concerning Family Court rule 34 and the Soldiers' and Sailors' Civil Relief Act.

The petition for certiorari is granted, the decree of the Family Court is quashed, and the records certified to this court are ordered returned to the Family Court with our decision endorsed thereon.

*Moore, Virgadamo, Boyle & Lynch, Francis J. Boyle,* for petitioner.

*Macioci and Grimm, E. Paul Grimm,* for respondent.