DECISION
Before this Court is the plaintiffs', Clifford McFarland and Read Lundy, Inc., Motion to Reopen the Record. The plaintiffs move to reopen the record to admit, as an exhibit, the consent order entered between Michael Brier and the Rhode Island Board of Accountancy as a result of disciplinary proceedings against Mr. Brier. The defendants, Michael Brier, Michael Brier Company, and Consigned Systems, Inc., have filed an objection to the motion.
 FACTS/TRAVEL
This matter was heard by this Court sitting without a jury. In its decision of May 13, 1998, this Court found that Consigned Systems, Inc. (CSI) was guilty of misappropriation of trade secrets, that CSI and Michael Brier (Brier) were guilty of both the tortious interference with Read and Lundy's contractual relationships and interference with their business advantage, and that Brier had breached his professional duty. The Court also found that the plaintiffs had a duty to mitigate yet failed to do so and as such, held that CSI and Brier were jointly and severally liable for lost profits in the amount of $67,936. The Court further denied the plaintiffs' request for punitive and exemplary damages, since the defendants' conduct did not rise to the egregious level required for punitive damages. Lastly, the Court permanently restrained and enjoined the defendants "retaining, using, or disclosing directly or indirectly any of the information it had misappropriated."
On May 27, 1998, the plaintiffs filed a Motion for Clarification and Reconsideration. On May 1, 1999, the plaintiffs filed this Motion to Reopen the Record for the purpose of receiving the consent order, which was entered between Brier and the Rhode Island Board of Accountancy as a result of disciplinary proceedings against Brier, as an exhibit.
 MOTION TO REOPEN THE RECORD
The plaintiffs contend that the consent order should be admitted as an exhibit since it establishes conclusively that Brier used and disclosed confidential information in violation of G.L. 1956 § 5-3.1-23. Furthermore, the plaintiffs argue that the consent order confirms that Brier's use of the information violated a criminal statute which is pertinent to the propriety of punitive damages and exemplary damages under the Trade Secrets Act. The plaintiffs further assert that the consent order illustrates Brier' s lack of credibility, in that the admissions in the consent order directly contradict his trial testimony.
In objection, the defendants contend that all the issues which the plaintiffs seek to address by way of admission of the consent order have already been presented to this Court at trial by way of live testimony and exhibits. According to the defendants, this Court has already made a determination with regard to findings of fact and damages and there is, therefore, no need to introduce new evidence or documents on issues that have already been resolved.
The law, in this jurisdiction, on motions to reopen a case after the testimony is closed, is well settled. Douglas FurnitureCorp. v. Ehrlich, 91 R.I. 7, 11, 160 A.2d 362, 364-365 (1960). An application to reopen prior to entry of judgment is essentially addressed to a trial justice's sound judicial discretion, particularly in a nonjury case, and, absent an abuse thereof, an exercise of that discretion will not be disturbed on review. Ouryv. Annotti, 113 R.I. 506, 512, 324 A.2d 325, 329 (1974) (citingZenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 331-332, 91 S.Ct. 795, 802-803, 28 L.Ed.2d 77, 88 (1971); SafewaySystem, Inc. v. Manuel Bros., 102 R.I. 136, 146, 228 A.2d 851, 857 (1967)). The trial court should not reopen a case except for good reasons and in proper showing. 75 Am.Jur.2d Trial § 382 (1991).
After carefully reviewing the arguments of counsel, it is apparent that the admission of the consent order is not warranted, in that, all the evidence was available at trial. Accordingly, this Court denies that plaintiffs' Motion to Reopen the Record.
Counsel shall submit an appropriate order for entry in accordance with this decision.